IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BANCO POPULAR DE PUERTO RICO, INC.,

Plaintiff,

v.

LATIN AMERICAN MUSIC CO., INC., et al.,

Defendants.

Civil No. 01-1142 (GAG)

**OPINION AND ORDER**

Presently before this court is plaintiff Banco Popular de Puerto Rico's ("BPPR") Motion for Partial Dismissal (Docket No. 228) of defendant Guillermo Venegas Lloveras, Inc.'s ("GVLI") counterclaim (Docket No. 32). For the reasons stated herein, the court **GRANTS** BPPR's motion.

**I.     Background**

Plaintiff BPPR brought this action pursuant to 28 U.S.C. § 1400(a) seeking declaratory relief based on the Copyright Act of 1976, 17 U.S.C. § 101 et seq. Specifically, BPPR requests the court to determine who are the lawful owners of the copyrights of several songs that BPPR used in its annual Christmas specials. BPPR also seeks reimbursement of any sums of money, including interests, paid to Latin American Music Company, Inc. ("LAMCO") and Asociacion de Compositiores y Editores de Musica Latinoamericana ("ACEMLA") for rights over those musical works which were not properly theirs or, in the alternative, a setoff against any royalties or fees owed to LAMCO and ACEMLA.

Among the co-defendants in this action is GVLI, a music publishing company that has ownership rights to the song "Genesis" written by Guillermo Venegas Lloveras. This song is part of a group of songs over which LAMCO and ACEMLA alleged to have legal rights and were performed in BPPR Christmas specials. On June 26, 2001, GVLI filed a counterclaim against BPPR alleging copyright infringement for the use of the song "Genesis." On that same date GVLI filed a cross-claim against, *inter alia*, LAMCO and ACEMLA alleging that they knew or had reason to

**Civil No. 01-1142 (GAG)**

know that they could not license "Genesis" to BPPR and therefore infringed on their rights as copyright owners.

On January 27, 2009, BPPR moved to partially dismiss GVLI's counterclaim as to the song "Genesis" arguing that LAMCO had been ordered to pay GVLI damages for the use of this song from 1993 to 1998 and that the amount of damages that was paid by LAMCO was the same amount that had been paid by BPPR to LAMCO for the use of "Genesis." BPPR argues that the decision of this court in Venegas-Hernandez v. Peer, 2004 WL 3686337 (D.P.R. 2004), has a preclusive effect on the present action and that, therefore, the copyright infringement issue concerning "Genesis" has already been decided by the court.

## II.   Standard of Review

Rule 12(b)(6) permits a party to move for dismissal for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). The court accepts as true all well-pleaded facts and draws all reasonable inferences in the non-moving party's favor. Id.; Parker v. Hurley, 514 F.3d 87, 90 (1st Cir.2008).

## III.   Analysis

The doctrine of collateral estoppel (or issue preclusion) establishes that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 90 (1st Cir. 2007) (internal citations omitted). Furthermore, a defendant may use collateral estoppel defensively even if he was not a defendant in the prior litigation. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 327-30 (1979); Acevedo-Garcia v. Monroig, 351 F.3d 547, 574 (1st Cir. 2003). In order for a party to invoke the doctrine of collateral estoppel it must establish four elements: (1) that the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) that the issue was actually litigated; (3) that the issue was determined by a

**Civil No. 01-1142 (GAG)**

valid and binding final judgment; and (4) that the determination of the issue was essential to the judgment. Ramallo Bros. Printing, Inc., 490 F.3d at 90.

BPPR alleges that the court in Venegas-Hernandez v. Peer issued a valid and binding final judgment whereby it resolved the issue of the ownership of the "Genesis" copyright. The court in the aforementioned case stated that the $16,363.47 awarded to GVLI would "constitute Plaintiff's damages **for the licensing in question here**." Venegas-Hernandez v. Peer, 2004 WL 3686337 at *34 (emphasis added). BPPR argues that by giving that amount to GVLI as damages (which is the same sum that was paid by BPPR to LAMCO for the license to "Genesis" which LAMCO was in no position to offer) for LAMCO's copyright infringement, the court was deciding the issue of who owned the copyright to "Genesis" and who should have received payment for it. The court agrees with BPPR's interpretation. After carefully reading the opinion of the court in Venegas-Hernandez v. Peer, this court finds that the issue sought to be precluded in this action is the same as that involved in the earlier action, that it was actually litigated and determined by a valid and binding final judgment, and that the determination of the issue was essential to the judgment. For that reason the court **GRANTS** BPPR's motion for partial dismissal of GVLI's counterclaim. Furthermore, this court agrees with BPPR's argument that any remaining claims should consider the allocation of rights as decided in Venegas-Hernandez v. ACEMLA, 424 F.3d 50 (1st Cir. 2005) (holding that the rights over the compositions of Guillermo Venegas Lloveras belong to his widow and children on a 50-50 basis). The court notes that the issue of the performance license for "Genesis," although mentioned in the Venegas-Hernandez v. Peer, was not actually litigated and determined by a valid and final judgment.[1] Therefore, that issue remains before this court.

---

[1] The court in that case held that without BPPR's direct use of the song, the license in dispute was evidence of only probable, not actual, infringement of GVLI's songs. The issue of whether BPPR actually used the song "Genesis" in a performance was not litigated and determined in that case.

3

**Civil No. 01-1142 (GAG)**

    **IV.**    **Conclusion**

For the abovementioned reasons, the court **GRANTS** plaintiff's motion for partial dismissal (Docket No. 228).

**SO ORDERED.**

In San Juan, Puerto Rico this 24th day of April 2009.

                                        S/Gustavo A. Gelpí

                                        GUSTAVO A. GELPI

                                        United States District Judge