IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BANCO POPULAR DE PUERTO RICO, INC.**<br>Plaintiffs<br>VS.<br><br>**LATIN AMERICAN MUSIC CO., INC., ET ALS**<br>Defendants | **CIVIL NO. 01-1142 (PG)** |

**MOTION FOR SUMMARY JUDGMENT**

COMES NOW, BPPR, herein represented by the undersigned attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules of this Honorable Court, respectfully submit the following Motion for Summary Judgment and Statement of Uncontested Material Facts in support thereof.

**I. INTRODUCTION**

**II. INTRODUCTION**

On June 26, 2001, GVLI (Guillermo Venegas Lloveras, Inc.) filed a counterclaim against BPPR alleging copyright infringement for the use of the song "Genesis." On that same date GVLI filed a cross-claim against, *inter alia*, LAMCO and ACEMLA alleging that they knew or had reason to know that they could not license "Genesis" to BPPR and therefore infringed on their rights as copyright owners.

On January 27, 2009, BPPR filed a motion to dismiss GVLI's counterclaim as to the song "Genesis" arguing that their claim had already been litigated and resolved in a firm and final order and judgment in the District Court in Venegas-Hernandez v. Peer, 2004 U.S. Dist. LEXIS 28622 (D.Puerto Rico 2004). The Honorable Court partially granted said Motion but allowed the performance license issue to remain before the Honorable Court. For the reasons stated herein, BPPR requests the dismissal of GVLI public performance claims.

## II.  LEGAL ARGUMENT

### A.  The Summary Judgment Standard:

A district court may enter summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A fact is material, if under applicable substantive law, it may affect the result of the case and a dispute is genuine only if there is conflicting evidence that requires a trial to resolve the discrepancy." Peer Int'l Corp. v. Latin American Music Co., 161 F. Supp. 2d 38, (D. Puerto Rico 2001) citing Ortega-Rosario v. Alvarado-Ortiz, 917 F.2d 71, 73 (1st Cir. 1990).

"To determine whether these criteria have been met, a court must pierce the boilerplate of the pleadings and carefully review the parties' submissions to ascertain whether they reveal a trial worthy issue as to any material fact." Perez v. Volvo Car Corp., 247 F.3d 303, 310 (1st Cir. 2001). "In applying this screen, the court must construe the record and all reasonable inferences from it in favor of the nonmovant (i.e., the party opposing the summary judgment motion). Id. citing Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000). "In this formulation, an absence of evidence on a critical issue weighs against the party -- be it the movant or the

nonmovant -- who would bear the burden of proof on that issue at trial." Id. citing Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35-36 (1st Cir. 1998); Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990). "When the nonmovant bears the ultimate burden of proof on a given issue, he must make a factual showing, by means of competent and specific evidence, sufficient to establish the essential elements of his claim." Johnson v. Gordon, 409 F.3d 12, 17 (1st Cir. 2005).

    B. **GVLI lacks standing to claim "Genesis" performance rights**

The uncontested material facts established that when the BPPR 1993 Christmas Special was broadcasted, "Genesis" was being administered by PEER. (SUMF # 67). PEER, in turn included the song "Genesis" in ASCAP's catalog. (SUMF # 68). As of today, the song "Genesis" is still a part of ASCAP's catalog. (SUMF # 69 ) GVLI has not taken any legal actions against ASCAP in order to drop the song from their catalog. (SUMF # 70)

Therefore, due to the fact that "Genesis" is controlled and administered since 1993 by ASCAP, GVLI lacks standing to claim "Genesis" performance rights.

    C. **GVLI's performance claim is time-barred**

Copyright Law is clear in that the statute of limitations for a civil copyright infringement action is "three years after the claim has accrued". *See 17 U.S.C. § 507*.

The song "Genesis" was included in the 1993 Christmas Special "Un Pueblo que Canta". The Uncontested Material facts establish that GVLI had knowledge that BPPR publicly performed

"Genesis" when it was broadcasted in 1993. (SUMF # 59). Therefore, the statute of limitations regarding the public performance rights began in 1993. Venegas presented it's counterclaim regarding the performance rights on 6/26/2001 (Docket No. 32). Therefore, GVLI's claims against BPPR should be dismissed because it is time-barred.

**WHEREFORE,** for the reasons stated herein, BPPR requests and prays that this Honorable Court grants this motion for Summary Judgment.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court which will send notification to all counsels of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 27th day of August, 2009.

S/Francisco Ramos Martínez
U.S.D.C. NO. 224711
Del Parque Street 403, 8th FL.
Santurce PR  00907
Tel. (787) 725-5598
Fax. (787) 977-1410