IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BANCO POPULAR DE PUERTO RICO             CIVIL NO. 01-1142(GAG)
Plaintiff

v.

LATIN AMERICAN MUSIC CO, INC, et al
Defendants

**GUILLERMO VENEGAS LLOVERAS INC. MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT**

TO THE HONORABLE COURT

COMES NOW, Guillermo Venegas Lloveras, Inc.( GVLI) , by and through the undersigned counsel and respectfully moves this Court for an order granting summary judgments against counter defendant Banco Popular de Puerto Rico (" Banco Popular" ) and cross claim defendants LAMCO and ACEMLA (" LAMCO/ACEMLA" ) by issuing an order that Banco Popular actually used the song GENESIS in performance during the original copyright term causing a copyright infringement and that LAMCO/ ACEMLA authorized the performance of GENESIS during the original copyright term which belonged to GVLI and for such other and further relief that this Court deems just and proper.

FACTUAL AND PROCEDURAL BACKGROUND

Banco Popular, a licensee of LAMCO/ACEMLA and PEER, [1] filed an action of

---

[1] Although GVLI also cross claimed PEER it is not a party for purposes of this summary judgment.

declaratory judgment to determine the true owners of copyrighted works which it had licensed. On June 26, 2001, GVLI counter-claimed for the amounts of money from the use of the song Genesis. In addition GVLI also cross-claimed against LAMCO/ACEMLA and PEER on the grounds that they knew or had reasons to know they could not license GENESIS to Banco Popular yet they carried out unauthorized transactions with the song causing significant economic damages. See GVLI Statement of Uncontested Material Facts (" SUMF") ¶ 11.

Sometime in 1996, LAMCO and its performance licensing entity ACEMLA represented to Banco Popular that owned the rights to , inter alia, the musical work GENESIS which was used in the 1993 Christmas Music Special.SUMF ¶ 4

Banco Popular started in 1993 producing an annual Christmas Music Special which was broadcasted in the major television and radio stations in Puerto Rico and also transmitted throughout the bank's branches. SUMF ¶ 1. In addition Banco popular distributes the Christmas Music Specials in phonograph records and videocassettes. SUMF ¶ 2.

In their amended answer to the Banco Popular Complaint LAMCO and ACEMLA not only admitted as true that fact but also stated that the United States branches of Banco Popular also broadcast the Banco Popular Christmas Specials. SUMF ¶ 3.

In 1993 the Christmas Music Special for 1993 – Un Pueblo Que Canta- was performed and it included the musical work GENESIS.SUMF ¶ 5.

By August of 1997 ACEMLA/LAMCO had made a claim to Banco Popular to settle

issues of copyright infringement in the use of series of songs. Because of certain pending legal issues Banco Popular deferred any further discussion of the claim.SUMF ¶ 6.

On September 2, 1998, LAMCO and ACEMLA confirm the terms they would accept and agree to grant retroactive licenses and compromise their demands with Banco Popular with regards to copyright royalties corresponding to phonomechanical, video mechanical and synchronization rights for a series of musical work they alleged they owned. Among these was GENESIS. The letter also referred to Fee for Performance license for any work under the ACEMLA Catalog comprised in the production of "Un Pueblo Que Canta " (1993) , "Espiritu de Un Pueblo"(1994) and " Somos Un Solo Pueblo" for the years from 1993 to 1998, both included. The total of Royalties for Performance (including simple interest at 6% was $260,432. SUMF ¶ 7. This Settlement Offer was accepted by Banco Popular on November 6, 1998.SUMF ¶ 8

During GVLI took action against both LAMCO and ACEMLA and PEER among other Defendants. As a result in 2004 the U S District Court in Venegas- Hernandez v. Peer, et al decided that GVLI and the Venegas siblings were the owners of GENESIS at the time of the 1993 Christmas Special and that any profits from the BPPR license prior to the renewal term belonged to them. In addition, the Court held that renewal period would start in January 1, 1998. SUMF ¶ 12 and 13.
The Court also held that if no direct evidence of Banco Popular's direct use of GENESIS being played in the branches of Banco Popular, that is being performed is presented then the mere authorization of a performance license would not be evidence of actual infringement. SUMF 14.

In the instant case, the Court sustained a petition for partial dismissal of GVLI counterclaim on the grounds of issue preclusion. The issue presented here as to the ownership of GENESIS has been subject of a valid and binding judgment and the damages that were awarded in Venegas –Hernandez v Peer would constitute the damages for the licensing in this case. However the Court also held that the issue of the performance license and the actual usage or performance of the song had not been litigated.   SUMF ¶ 15.

BANCO POPULAR ACTUALLY USED THE PERFORMANCE LICENSE

In Venegas-Hernandez the district Court found that there was insufficient evidence of performance. Even when ACEMLA granted the retroactive performance license it was insufficient to infer that  Banco Popular performed GENESIS.

In the present case the situation is different. There is an explicit statement in the Pleadings that the Christmas Music Specials were broadcasted in the Banco Popular branches In particular it is stated as a fact in the Complaint. SUMF ¶ 1. This fact is not disputed by LAMCO and ACEMLA. On the contrary they even aver that the Christmas Specials are broadcasted in Banco Popular Branches in the United States. SUMF ¶ 3. Other evidentiary  support of the performance of the song GENESIS is provided in the Testimony of Richie Viera , a consultant and Banco Popular representative in the Settlement negotiations . He testifies that the  1993 Christmas Special was played in the Banco Popular branches. SUMF ¶ 17.

Performance is simply having the corresponding Christmas Special played in a Banco Popular branch. In this case, it would the playing the 1993  " Un Pueblo Que Canta " any time after it was produced  and broadcasted in television and radio in December 1993.

Raul Bernard, president of LAMCO and ACEMLA in his deposition testified that the reason that Banco Popular would pay a performance fee is to be able to play the Christmas Specials in the branches. SUMF ¶ 17.

He also testified that the six ongs mentioned in the September 2, 1998 letter would be songs that were actionable because he knew nore or less that they may have been used by Banco Popular. SUMF ¶ 18

Legal counsel for Banco Popular Paulette Lavergne also testified that there would not be a possibility that the bank would have paid for the performance of songs that were not mentioned in the September 2, 1998 letter. SUMF ¶ 19. This makes it clear that it was the Banco Popular's intent when they paid for performance to show the songs in the branches through the showing of the Christmas Music Specials. SUMF 19.

## SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits." *Thompson v Coca-Cola Co.*, 522F3d 168, 175 (1st Cir. 2008) citing Fed R. Civ. P. 56(c ). The issue is genuine if it can be resolved in favor of either party. *Calero-Cerezo v. U.S. Department of Justice*, 355 F. 3d 6, 19 ( 1st Cir. 2004). A fact is material if it has the potential to change the outcome of the suit under governing law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 24, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986). " In prospecting for genuine issues of

material fact, we resolve all conflicts and draw all reasonable inferences in the nonmovant's favor." *Vineberg v. Bissonnette*, 548 F. 3d 50,56 (1st Cir. 2008).

The opposing party has the burden of demonstrating that a trial worthy issue exists that would warrant the Court's denial of the motion for summary judgment. *Anderson*, 477 U.S. at 248. The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment. 477 Anderson at 252. The opposing party must demonstrate " through submissions of evidentiary quality, that a trial worthy issue persists" *Iverson v. City of Boston*, 452 F. 3d 94, 98 ( 1st Cir. 2006). " It is therefore necessary that " a party opposing summary judgment must present definite, competent evidence to rebut the motion." C.*I. Saceites S.A. v. Fernadez-Pardo* , 2007 WL 4344443 at 3 .

Summary judgment may be appropriate if the non moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." *Benoit v. Technical Mfg. Corp.,* 331 F. 3d166, 173 ( 1st Cir. 2003).

As GVLI has shown above the pleadings, allegations and testimonial evidence demonstrates that Banco Popular actually used the song GENESIS in performance and that ACEMLA authorized said performance. Lacking a genuine dispute of material fact, GVLI is entitled to judgment as a matter of law.

WHEREFORE , GVLI respectfully request an entry of summary judgment to the effect that a-under the 1998 settlement agreement between Banco Popular and LAMCO /ACEMLA, Banco Popular effectively or actually performed the song GENESIS causing an infringement of GVLI song; b- that the infringement by Banco Popular was the result of being authorized by ACEMLA thus creating a joint liability.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY , that on this date I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system which will send notification to the attorneys of record.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this August 27, 2009.

*Signed/Josè L Barreto -Rampolla*
Josè L. Barreto Rampolla
Attorney for Guillermo Venegas Lloveras Inc.
USDC NO. 202311
PO Box 9023880
San Juan, Puerto Rico 00902-3880
Tel 787-724 6398
Fax 787-725-1974
barretojose@microjuris.com