# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO, INC. | * * * | |
| | * | CIVIL NO. 01-1142 (GAG) |
| Plaintiff, | * * | |
| v. | * * | |
| LATIN AMERICAN MUSIC CO., INC., et al., | * * * | |
| Defendants. | * * | |
| _____ | * | |
| LATIN AMERICAN MUSIC CO., INC., et al., | * * * | |
| | * | CIVIL NO. 01-1461 (GAG) |
| Plaintiffs, | * * | |
| v. | * * | |
| BANCO POPULAR DE PUERTO RICO, INC., et al., | * * * | |
| Defendants. | * * | |
| _____ | * | |

**UNIVERSAL MUSIC GROUP'S SEPARATE COUNTERSTAMENT OF
CONTESTED MATERIAL FACTS UNDER LOCAL CIV. RULE 56(c) AND 56(e)[1]**

**TO THE HONORABLE COURT:**

    **COMES NOW,** Universal Music Group ("Universal"), and through the undersigned counsel, and respectfully **STATES**, **AVERS**, and **PRAYS**:

---

[1] This Counterstatement is also incorporated as Section III to the Opposition to Motion for Summary Judgment filed by Universal on even date.

LAMCO's Statement of Uncontested Facts ("SUF") (Docket No. 337) contains nine (9) averments pertaining to the ownership of "Fichas Negras", which are purported to be of uncontested facts. *See*, Docket No. 337, at SUF Nos. 23-31.[2] However, some of those "statements of fact" are actually averments of law, some are factually incorrect, and the rest are uncontested but immaterial to the resolution of the motion for summary judgment in LAMCO's favor as to "Fichas Negras". We shall address each of them independently, including a counterreference to each SUF, with specific references to the record, in compliance with Local Civ. R. 56 (c) and (e):

- In **SUF No. 23**, LAMCO refers to Exhibit 17, Certificate of Recordation in the U.S. Copyright Office for several songs, including "Fichas Negras". It does so in order to claim that "LAMCO is the owner of the song Fechas [sic] Negras". First, Exhibit 17 should not be considered by this Honorable Court, as it contains a Spanish-language contract, purportedly the contract between Johnny Rodriguez and LAMCO. Because LAMCO did not submit a certified translation of said contract, it would not be admissible into evidence before the Court. *See*, Local Civ. Rules 10(b) and 43 of the U.S. District Court for the District of Puerto Rico. *See also*, *Gonzalez-De Blasini v. Family Dep't*, 377 F.3d 81, 89 (1st Cir. 2004). Furthermore, even if said contract were admitted into evidence, LAMCO could not establish ownership of "Fichas Negras", because Johnny Rodriguez assigned/transferred his rights to "Fichas Negras" to EMLASA, which forms part

---

[2] In this Counterstatement, we shall only address facts 23-31 in LAMCO's SUF, as these are the only ones that pertain to the ownership of "Fichas Negras".

2

of Universal Music Publishing Group, in a contract signed on September 24, 1981.  *See*, Docket No. 314 (Universal's SUF), at ¶¶ 3-5.

- In **SUF No. 24**, LAMCO indicates that it filed its Registration on March 22, 1999, and refers to Exhibit 18.  At this time, Universal does not contest that LAMCO *purported* to register a copyright over the song "Fichas Negras"; however, said registration is not valid, because at the time that Johnny Rodriguez allegedly reached its Agreement with LAMCO, he had no copyright ownership of the song "Fichas Negras". As noted in the paragraph above, Johnny Rodriguez assigned/transferred his rights to "Fichas Negras" to EMLASA, which forms part of Universal Music Publishing Group, in a contract signed on September 24, 1981.  *See*, Docket No. 314 (Universal's SUF), at ¶¶ 3-5, and Exhibits 1 and 2.

- In **SUF No. 25**, LAMCO avers that "Universal never registered Fichas Negras with the U.S. Copyright Office (USCO).  No claim for copyright damages lies." Universal does not contest that it did not register the copyright with the U.S. Copyright Office, nor is it claiming damages under said statute.  However, Universal affirmatively avers that EMLASA, part of Universal, registered its rights to "Fichas Negras" with the equivalent of the Copyright Office in the Republic of Mexico on December 1, 1981. *See*, Docket No. 314 (Universal's SUF), at ¶ 4, and Exhibit  2.

- **SUF No. 26** states that "EMLASA's copyright was registered in the Republic of Mexico, only." Again, Universal does not contest this statement, but expands upon it to make it more accurate: EMLASA, part of Universal, registered its rights

3

to "Fichas Negras" with the equivalent of the Copyright Office in the Republic of Mexico on December 1, 1981. *See*, Docket No. 314 (Universal's SUF), at ¶ 4, and Exhibit 2.

- **SUF No. 27** states that "Johnny Rodriguez was a resident of Puerto Rico when he signed the [sic] EMLASA's assignment." Universal affirmatively alleges that in the contract signed between Mr. Rodriguez and EMLASA, Mr. Rodriguez lists a Puerto Rico address as his residence. *See*, Docket No. 314 (Universal's SUF), at Exhibit 1.

- **SUF No. 28** states: "There is no EMLASA transfer of any rights to Universal which have been registered in the USCO." First, no transfer of rights had to occur between EMLASA and Universal, because EMLASA is part of Universal. Second, as indicated above regarding LAMCO's SUF Nos. 25 and 26, Universal did not register its copyright in the U.S. Copyright Office, but EMLASA, part of Universal, registered its rights to "Fichas Negras" with the equivalent of the Copyright Office in the Republic of Mexico on December 1, 1981. *See*, Docket No. 314 (Universal's SUF), at ¶ 4, and Exhibit 2.

- **SUF No. 29** is a statement of law, not of fact, which states: "The applicable Mexican Law Statute is Article 33 for the Mexican Contract is limited to 5 years, expired in 1986. Mexican Copyright Law Article 33. SACM Mexican Society Web page, Article 33.)". Universal wholly contests this averment. First, it is a statement of law, and not of fact, which is not properly to be included in a Statement of Uncontested Material Facts under Local Civil Rule 56(b). Secondly,

it is an incorrect statement of law. The transfer/assignment of copyright by Johnny Rodriguez to EMLASA took place in 1981, as did EMLASA's registration of that transfer in the Mexico Copyright Office. The improperly cited Mexican Copyright statute indicated by LAMCO is the one that is currently in place, but said statute came into effect on May 12, 1996, almost fifteen (15) years after the transfer and registration took place in 1981. Therefore, LAMCO's reference to Mexico's current copyright statute is completely inapplicable. The Second Article of the Transitional Provisions of the 1996 Mexican copyright statute provides: "The Federal Law on Copyright published in the Official Gazette of the Federation on December 29, 1956, the reforms and additions published in the Official Gazette of the Federation on December 21, 1963, and subsequent reforms and additions, are repealed".[3] The 1996 statute cannot be used to determine whether the 1981 transfer is valid under Mexico law, and thus, LAMCO's premise must be squarely rejected by this Honorable Court. Furthermore, even if the 1996 statute were applicable, which it is not, the article referenced by LAMCO to support its claim that the 1981 transfer/assignment lapsed in 1986, Article 33 of the 1996 statute, does not establish said absolute 5-year term. Rather, it provides as follows: "Art. 33. In the absence of any express provision, any transfer of economic rights shall be deemed to be for a term of five years. A term of more than 15 years may only be agreed upon in exceptional cases

---

[3] *See*, for purposes of the present motion, http://www.wipo.int/clea/en/text_html.jsp?lang=EN&id=3079.

where dictated by the nature of the work or the scale of the required investment."[4] As the Court can see, the default term of five years is in the absence of an express agreement to the contrary. In the case of the contract executed between Rodriguez and EMLASA in 1981, the First Clause expressly provides for the worldwide transfer of the copyrights to EMLASA under Mexican copyright law and all international copyright treaties, "for the duration granted by said precepts." *See*, Docket No. 314, at Exhibit 1. Therefore, the contract expressly provides for the transfer's duration to be the maximum provided for in the referenced legislation and treaties.

- **SUF No. 30** states as follows: "The September 24, 1981 [sic] Johnny Rodriguez signed a contract in Puerto Rico but notarized in Mexico. Clause 12 of such purported agreement provides that the same to be actionable [sic] under Mexican Law expressly renouncing any other forum." Universal denies SUF 30 as drafted, and affirmatively states that the Contract in question speaks for itself. The Contract indicates that it was executed in Santurce, Puerto Rico, and it appears to have been duly notarized in Mexico. Furthermore, however, Universal contests the characterization made by LAMCO of the language contained in Clause Twelve of the Contract. Clause Twelve states: "For the construal and compliance of this agreement, the parties hereby avail themselves to the competent couts of Mexico City and expressly waive any [illegible] based on residence." *See*, Docket No. 314, at Exhibit 1. Contrary to LAMCO's characterization, Clause Twelve is a

---

[4] *Id.*

forum selection clause, and does not say anything about the laws under which the contract is to be construed. LAMCO's averment that the agreement would only be "actionable under Mexican law" is patently incorrect and is not a plain text reading of the clause in question. That reading is also completely inconsistent with several other clauses of the 1981 contract, which expressly incorporate not only Mexican copyright law, but all international copyright agreements to which Mexico is a signatory, as the source of the rights and obligations in question. The forum selection clause in question only indicates that were there to be a controversy between the signatories of the contract as to the terms of the agreement, said dispute between them would be seen by the competent courts of Mexico. SUF No. 30 is patently incorrect and does not support LAMCO's position in its Motion for Summary Judgment.

- **SUF No. 31** is yet another statement of law, not of fact, which is not the proper subject of a Statement of Uncontested Material Facts under Local Civ. Rule 56(b). It reads as follows: "The Berne Convention is inapplicable and may be performed only pursuant to appropriate domestic law." While this is a legal averment that does not need denial under Local Civ. R. 56(b) and 56(e), Universal affirmatively avers that this statement misconstrues the applicable law, insofar as it pretends to indicate that the protections of the Berne Convention are not available in the United States, even though the U.S. is a signatory to the same. As has been mentioned above, and will be discussed below, while the Berne Convention is not self-executing in the United States, the U.S. Congress incorporated the essential

provisions of the Berne Convention into the U.S. Copyright Act, and amended certain provisions of the U.S. Copyright Act so as to harmonize them with those of the Berne Convention.

**RESPECTFULLY SUBMITTED.**

**I CERTIFY** that on this same date I filed the foregoing by uploading to the CM/ECF system, which will send automatic notices to the attorneys of record:

In San Juan, Puerto Rico, this 10th day of September, 2009.

**Attorney for Universal Music Group**

S/ EDGARDO COLON ARRARAS
_____
**EDGARDO COLON ARRARAS**
USDC No. 129612
E-mail: ecolon@gaclaw.com


S/ MARIANA NEGRÓN-VARGAS
_____
**MARIANA NEGRÓN-VARGAS**
USDC No. 215309
E-mail: mnegron@gaclaw.com


**GOLDMAN ANTONETTI & CORDOVA, PSC**
P.O. Box 70364
San Juan, PR 00936-8364
Tel. (787) 759-8000
Fax (787) 767-9177