IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BANCO POPULAR DE PUERTO RICO, INC.**<br>Plaintiffs<br>VS.<br><br>**LATIN AMERICAN MUSIC CO., INC., ET ALS**<br>Defendants | **CIVIL NO. 01-1142 (PG)** |

**MEMORANDUM IN OPPOSITION TO GVLI'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, BPPR, herein represented by the undersigned attorneys and respectfully submit the following Memorandum in Opposition to GVLI's Motion for Summary Judgment and Statement of Contested Material Facts in support thereof.

## I. INTRODUCTION

On June 26, 2001, GVLI (Guillermo Venegas Lloveras, Inc.) filed a counterclaim against BPPR alleging copyright infringement for the use of the song "Genesis." On that same date GVLI filed a cross-claim against, *inter alia*, LAMCO and ACEMLA alleging that they knew or had reason to know that they could not license "Genesis" to BPPR and therefore infringed on their rights as copyright owners.

On January 27, 2009, BPPR filed a motion to dismiss GVLI's counterclaim as to the song "Genesis" arguing that their claim had already been litigated and resolved in a firm and final order and judgment in the District Court in Venegas-Hernandez v. Peer, 2004 U.S. Dist. LEXIS 28622 (D.Puerto Rico 2004). The Honorable Court partially granted said Motion but allowed the performance license issue to remain before the Honorable Court. For the reasons stated herein, BPPR requests the dismissal of GVLI public performance claims.

## II. LEGAL ARGUMENT

**A.  The Summary Judgment Standard:**

Summary judgment is appropriate where there are no genuine disputes as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Lipsett v. University of Puerto Rico, 864 F.2d 881, 894 (1st Cir.1988). The evidence most be reviewed in the light most favorable to the non-moving party, and thus draw all reasonable inferences and resolve factual disputes in favor of the party against whom summary judgment has been entered. Ortiz-Pi_ero v. Rivera-Arroyo, 84 F.3d 7, 11 (1st Cir. 1996).

The two questions the court must ask itself before granting or denying a motion for summary judgment are whether the factual issue is **material** and **genuine**. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986); Sheinkopf v. Stone, 927 F.2d 1259, 1261 (1st Cir.1991); Local No. 48, v. United Brotherhood of Carpenters & Joiners, 920 F.2d 1047, 1050 (1st Cir.1990); Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir.1990).

"The procedure for summary judgment was intended to expedite the settlement of litigation where it affirmatively appears upon the record that in the last analysis there is only a question of law as to whether the party should have judgment in accordance with the motion for summary judgment." <u>Burley v. Elgin</u>, 140 F.2d 488, 490 (7th Cir. 1943) (affirmed 325 U.S. 711, 1945).

The initial burden of production showing the non-existence of a genuine material fact is imposed on the party moving for summary judgment. In order to make a prima facie case, where it is the moving party who will have the burden of persuasion at trial, the motion must be sustained by **credible evidence** "that would entitle it to a directed verdict if not uncontroverted at trial." <u>Celotex v. Catrett</u>, 477 U.S. 317, at 331, 106 S.Ct. at 2557, <u>McCarthy v. Northwest</u> Airlines, 56 F.3d 313, 315 (1st Cir. 1995). Only after sound credible evidence has been presented, then the burden of production shift to the party opposing the motion. <u>Id</u>.

**<u>GVLI's performance claim is time-barred</u>**

Copyright Law is clear in that the statute of limitations for a civil copyright infringement action is "three years after the claim has accrued". *See 17 U.S.C. § 507.*

The song "Genesis" was included in the 1993 Christmas Special "Un Pueblo que Canta". GVLI had knowledge that BPPR publicly performed "Genesis" when it was broadcasted in 1993. (BPPR SUMF # 59, Docket No. 333). In their motion for Summary Judgment and their Statement of Uncontested Facts, GVLI has offered no proof that the performances occurred

under the statute of limitation of three years. In fact, all of their allegations of performances contained in their Motion for Summary Judgment are, at an unspecified time prior to the September 2, 1998 agreement.

As GVLI did not offer proof of performance under the statute of limitations for a civil copyright infringement action, their Motion for Summary Judgment should be denied.

**GVLI lacks standing to claim "Genesis" performance rights**

When the BPPR 1993 Christmas Special was broadcasted, "Genesis" was being administered by PEER. (BPPR SUMF # 67, Docket No. 333). PEER, in turn included the song "Genesis" in ASCAP's catalog. (BPPR SUMF # 68, Docket No. 333). As of today, the song "Genesis" is still a part of ASCAP's catalog. (BPPR SUMF # 69, Docket No.333) GVLI has not taken any legal actions against ASCAP in order to drop the song from their catalog. (BPPR SUMF # 70, Docket No. 333)

Therefore, due to the fact that "Genesis" is controlled and administered since 1993 by ASCAP, GVLI Motion for Summary Judgment should be denied.

**WHEREFORE,** for the reasons stated herein, BPPR requests and prays that this Honorable Court denies GVLI Motion for Summary Judgment.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court which will send notification to all counsels of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 10th day of September, 2009.

**S/Francisco Ramos Martínez**
U.S.D.C. NO. 224711
Del Parque Street 403, 8th FL.
Santurce PR  00907
Tel. (787) 725-5598
Fax. (787) 977-1410