IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BANCO POPULAR DE PUERTO RICO, et al.,**

    **Plaintiffs,**

v.

**LATIN AMERICAN MUSIC, et al.,**

    **Defendants.**

**CIVIL. NO. 01-1142 (GAG)**

## MEMORANDUM OPINION AND ORDER

Presently before the court is Universal's motion for summary judgment (Docket Nos. 314 & 316), which was timely opposed by LAMCO/ACEMLA (Docket Nos. 380 & 381). For the reasons stated herein, the court **DENIES** Universal's motion and finds in favor of LAMCO/ACEMLA as to the issue of priority between their conflicting transfers.

Under the 1976 Copyright Act, a prior transferee always prevails over a subsequent transferee if the prior transferee properly recorded in the Copyright Office prior to the subsequent transferee's recordation, and the work in question has been registered. Peer International Corp. v. Latin American Music Corp., 161 F. Supp. 2d 38, 47 (D.P.R. 2001) (citing 2-7 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 10.07[A][1][a]). In this case, it is undisputed that EMLASA's was the prior assignment. However, EMLASA's 1981 recordation of its assignment of copyright to "Fichas Negras" in the equivalent Copyright Office in the Republic of Mexico does not constitute recordation for purposes of 17 U.S.C. § 205(d). The recordation of transfers and other documents for purposes of said disposition must be made in the U.S. Copyright Office. See 17 U.S.C. § 205(a). Thus, assuming the validity of the transfer, even though it was executed first, it was not recorded in the U.S. Copyright Office "within two months of its execution outside the United States, or at any time before recordation in such a manner of the later transfer." 17 U.S.C. § 205(d).

"Notwithstanding, the prior transfer does not automatically forfeit the copyright simply because the subsequent transferee recorded first in time." See Peer International Corp., 161

**Civil No. 01-1142 (GAG)**

F.Supp.2d at 47. If the prior transferee fails to register and record before the subsequent transferee, then the latter may prevail, but only if he or she (1) was without notice; (2) paid valuable consideration; and (3) duly recorded his or her transfer before recordation of the prior transfer. Id. at 48. Here, Universal does not argue that LAMCO took the assignment with notice of its prior transfer, nor does it allege that LAMCO did not pay valuable consideration. Universal's only argument is that LAMCO's transfer was not "duly recorded" because it was not done within one month of the transfer. This contention fails because the statute allows for recordation at any point before the prior transfer. See 17 U.S.C.§ 205(d). Universal also points out that the recorded document in this case lists too many songs for it to conform with the specificity requirements of 17 U.S.C. § 205(c). However, that disposition merely deals with whether or not a recordation document in the Copyright Office may give constructive notice of the facts stated therein. Such disposition is inapposite as to whether or not LAMCO's transfer takes priority over EMLASA's, an issue that is governed by 17 U.S.C. § 205(d).

      Having reviewed the parties' arguments and the evidence proffered in support thereof, the court finds that the transfer of the copyright over "Fichas Negras" to LAMCO takes priority over the prior transfer to EMLASA under 17 U.S.C. § 205(d). The court therefore **DENIES** Universal's motion (Docket Nos. 314 & 316).

      **SO ORDERED.**

      In San Juan, Puerto Rico this 8th day of October, 2009.

*S/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge