**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**BANCO POPULAR DE PUERTO RICO,** et al.,

    Plaintiffs,

v.

**LATIN AMERICAN MUSIC,** et al.,

    Defendants.

CIVIL. NO. 01-1142 (GAG)

## **MEMORANDUM OPINION AND ORDER**

Presently before the court is LAMCO/ACEMLA's motion for summary judgment (Docket Nos. 332 & 337), which was timely opposed by Peer Parties (Docket Nos. 347 & 348), Universal (Docket Nos. 351 & 352), BPPR (356 & 357), and GVLI (Docket Nos. 386 & 387). For the reasons stated herein, the court **GRANTS** in part and **DENIES** in part LAMCO/ACEMLA's motion.

Under Section 104(b) of the Copyright Act published works are subject to protection if "(1) on the date of first publication, one or more of the authors is a national or domiciliary of the United States . . .; or (2) the work is first published in the United States or in a foreign nation that, on the date of first publication, is a treaty party." 17 U.S.C. § 104(b). The author of the work here at issue is a U.S. national and domiciliary, and the song was first published in the United States, therefore the work is subject to protection under the Copyright Act. However, the Copyright Act also provides that "no civil action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made" with the Copyright Office. 17 U.S.C. § 411(a). Thus, subject to certain exceptions, registration is a condition precedent for a court to exercise jurisdiction in an infringement case. See 2-7 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.16[B][1][a]. "The Act's reference to an "action for copyright infringement" extends to all copyright infringement actions, including counterclaims, even if the only relief sought is an injunction." Id. (citations omitted). The Berne Convention modification, under which Universal argues that its Mexico copyright registration is enforceable in this court

**Civil. No. 01-1142 (GAG)**

(despite the lack of a U.S. Copyright registration), applies only to foreign works, i.e. works created by foreigners on foreign soil with proper copyright notice. See Id. at §7.16[B][1][b][iii]. The registration requirement remained in effect for works of U.S. origin. This being a work of U.S. origin, the court must **GRANT** LAMCO's motion for summary judgment on this ground and dismiss any claims for copyright infringement asserted by Universal under the Coypright Act regarding "Fichas Negras."

The court also **GRANTS** LAMCO/ACEMLA's motion for summary judgment as to the issue of its conflicting transfer with Universal. See Court's Order at Docket No. 408.

LAMCO/ACEMLA's motion as to the "undisputed songs" "En la Vida Todo es Vivir" and "Oubao Moin" is **GRANTED**, since the court already dismissed all claims as to those songs in its Opinion and Order at Docket No. 219.

LAMCO/ACEMLA's motion is **DENIED** on all other grounds. The court finds that there are issues of material fact as to all of the other ownership claims referenced in LAMCO/ACEMLA's motion. For which reason the court also cannot issue summary judgment on the infringement claims against Cuco Peña and Altamar or BPPR.

**SO ORDERED.**

In San Juan, Puerto Rico this 8th day of October, 2009.

*S/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge