IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BANCO POPULAR DE PUERTO RICO     CIVIL NO. 01-1142(GAG)
Plaintiff

v.

LATIN AMERICAN MUSIC CO, INC, et al
Defendants

MOTION REQUESTING RECONSIDERATION

TO THE HONORABLE COURT

COMES NOW, Guillermo Venegas Lloveras, Inc. ( GVLI) , by and through the undersigned counsel and respectfully avers and prays as follows:

1- On October 10, 2009 the Honorable Court rendered a Memorandum Opinion and Order granting Banco Popular de Puerto Rico ("BPPR") motion for summary judgment ( (Docket 384 &385) as to the issue of whether the action filed by GVLI against BPPR is time barred.

2- In the relevant parts of the Memorandum and Opinion the Court brings forth the statutory limitation of three years which govern the initiation of civil actions under the Copyright Act. The claim for copyright infringement , citing Barksdale v Robinson , 211 F.R.D. 240,245 (S.D.N.Y.) " accrues at the time that the infringement upon which the suit is based occurred"

3- The Opinion concludes that "In as much as GVLI is alleging acts outside the

statutory three year- period prior to the filing of the complaint in the case at bar, those claims are time barred."

4- The Court assumes that the claim against BPPR arises from the Copyright Act since the Act was invoked when BPPR filed their declaratory judgment claim. But GVLI filed its counterclaim on the grounds that BPPR was committed to pay the rightful owners of the song Genesis, an event that had not occurred at the filing of the declaratory judgment claim. It was precisely the intention of BPPR to clear up the issue of who is the owner of the different songs and who should be paid.

5- The counter claim against BPPR specifically states that "As a result of the Banco Popular's actions , this Plaintiff has profited and continues to profit from the song Genesis. Therefore BPPR owes an amount of monies to defendant, which at the time of the filing this answer, defendant cannot estimate, but may run unto(sic) many thousands of dollars." (Docket    ¶ 6 ).

6- Attorney Lavergne of BPPR in her deposition states that until she knows who has the rights to Genesis she cannot pay GVLI since everyone is making a claim. (Exhibit A deposition of Atty. Lavergne p. 71 lines 24-26 and 72 lines 1-10.)

7- Further along in her deposition Atty. Lavergne she reaffirms the same position. She told GVLI representative Rafael Venegas Hernandez that she would have an opinion or would or would not recommend payment until the court decides who is the owner. However at that time both Peer and Lamco/Acemla who did not have any ownership rights to the song had already been paid for the use of Genesis. ( Ex B Atty. Lavergne deposition p.82 lines 1-15)

8- The policy of BPPR in every project was to pay to those who possess the rights. This was stated by Atty Lavergne in a meeting with Raul Bernard of Lamco/Acemla in 1996 or 1997 when he was making a claim for the use of various songs which included Genesis. ( Ex C deposition of Atty Lavergne p.20 lines 5-24.)

9- On May 19, 2004 in Venegas Hernandez v Peer, et al. 2004 WL 3686337 t he Court held that neither Peer nor LAMCO/ACEMLA had no ownership rights to Genesis at the time they claimed payment from BPPR. It also held that the GVLI were the owners of Genesis and as such should be paid for the moneys owed to them as had been continuously expressed by their representative Atty Lavergne.

10- The claim for moneys owed would arise pursuant to Puerto Rico's Civil Code for violation of an oral agreement between BPPR and GVLI to pay once the issue of ownership was settled.

11. On the other hand if this Court were to hold the view that this is a civil action for copyright Infringement the facts create an issue of controverted material facts.

It was not until the ownership issue was solved that GVLI could formalize a claim against BPPR. Just like the situation of ASCAP where BPPR had received a license from them, ACEMLA issued a retroactive performance license to BPPR on November 8, 1998 representing to them that they were the owners of the copyrights to Genesis. (GVLI Statement of Uncontested Material Facts Dkt. 337 ¶ 8). It was at that time that they learned about the infringement. Furthermore, under these circumstances GVLI could not raise an infringement action BPPR since BPPR had been license by a purported co owner of *Genesis* even if BPPR had infringed copyrights belonging to GVLI in 1994 by performing the video in the bank branches. ***Mc Kay v Columbia Broadcasting System Inc***. 324 F 2d. 762, 763( 2nd Cir. 1963) . ("a license from a co-holder of a copyright

immunizes a licensee from liability to the co-holder for copyright infringement")

11- Finally, the doctrine of equitable estoppels should suspend the running of the statute of limitations. This doctrine applies among others circumstances when defendant "lulls the plaintiff into believing it was not necessary to commence the litigation" ***Cerbone v. ILGWU,*** 786 F2d.45,50 (2d Cir. 1985). The continuous expressions by BPPR in their meeting with GVLI that they would pay the owner of Genesis once the Courts determined who was the owner of the song was a chant that made GVLI believe it was not necessary to file a civil action until they acted and then the statute of limitations defense was raised to allege their claim was time barred. By the time that LAMCO/ACEMLA made their settlement proposal to BPPR in September 2, 1998, BPPR recognized that GVLI and the heirs of Guillermo Venegas- Lloveras could raise a claim against them. (Ex.4 GVLI Statement of Uncontested Material Facts). Notwithstanding as aforementioned they continuously that they would pay the court determined owner of the song.

WHEREFORE , it is respectfully requested that this Honorable Court reconsider its Opininon and Order and hold that the counter claim against BPPR is not time barred.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this date I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system which will send notification to the attorneys of record.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 12 th day of October, 2009.

*Signed/Josè L Barreto -Rampolla*
Josè L. Barreto Rampolla
Attorney for Guillermo Venegas Lloveras Inc.
USDC NO. 202311
PO Box 9023880
San Juan, Puerto Rico 00902-3880
Tel 787-724 6398
Fax 787-725-1974
barretojose@microjuris.com