**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO ET ALS., | * * * | **CV. 01-1142 (GAG)** |
| PLAINTIFF, | * * | |
| v. | * * | |
| LAMCO/ACEMLA, ET ALS., | * * * | |
| DEFENDANT. | * | |
| LAMCO/ACEMLA ET ALS., | * * | **CV. 01-1461 (GAG)** |
| PLAINTIFF, | * * * | |
| v. | * * | |
| BANCO POPULAR DE PUERTO RICO ET ALS., | * * * * | |
| DEFENDANT. | * * | |

**PRETRIAL MEMORANDUM ORDER**

**TO THE HONORABLE COURT**:

  COMES NOW, LAMCO/ACEMLA and Universal Musica, Ltd. ("Universal") requested by their respective counsel and respectfully submit:

### I. Theory of the Case

A. <u>LAMCO/ACEMLA</u> -

  This Court has granted LAMCO/ACEMLA's motion for summary Judgment in that the author of the work is a U.S. national, and domiciliary, and the song first published in the United States, therefore subject to protection under the Copyright Act. It found that the Berne Convention applies only to foreign works created by foreigners on foreign soil with proper copyright notice as per 17 U.S.C. section 7.16[B][1][b][iii]. Finally, the Court also granted the motion for summary judgment as to as conflicting transfer with Universal. Therefore, Universal has no standing to contest the copyright

2

infringement suit by LAMCO. It also should not be able to collect royalties from this declaratory judgment case as it never filed any registrations or anything in the United States. As ownership has been established with LAMCO's priority, this Court should issue an Order dismissing the Universal defendant from the lead case.

**"Fechas Negras"** author Johnny Rodriguez assigned this song to LAMCO and is the owner of the song Fechas Negras. It was filed with the United States Copyright Office, Certificate of Recordation, dated May 23, 1995, Volume 3118, Pages 476-586 and Pages 487-495. See also November 21, 2003, Volumne 3504, Doc. No. 741. These Certificates contain the March 31, 1995 Contract between LAMCO and composer Johnny Rodriguez, with seven (7) pages of songs typed and handwritten, includes Fichas Negras.

LAMCO filed its Registration on March 22, 2999, Registration, PAU.2-357-741, dated March 22, 1999.

Universal never registered Fichas Negras with the U.S. Copyright Office. (USCO). No claim for copyright damages lies. See Dk. 314, Exhibits 1, 2, 3.

EMLASA's copyright was allegedly registered in the Republic of Mexico, only.

Johnny Rodriguez was a resident of Puerto Rico when he signed the EMLASA's assignment. The September 24, 1981 Johnny Rodriguez signed a contract in Puerto Rico but notarized in Mexico.

There is no EMLASA transfer of any rights to Universal which have been registered in the USCO. Id. See also Dk. 316.

There is no proof of any bad faith or unclean hands that will be presented at trial by Universal despite its allegations as a defense.

B. <u>Universal</u> -

In 1981 EMLASA and Johnny Rodriguez Lozada entered into a notarized contract whereby the latter assigned to EMLASA the worldwide rights to the song "Fichas Negras". EMLASA recorded its assignment with the Mexican equivalent of the United States Copyright Office in 1981. Both the Republic of Mexico, as well as the

3

United States of America are signatories of the Berne Convention pursuant to which its signatories must respect each others' copyrights.

EMLASA entered into a sub-publishing agreement with Universal in the United States, and the latter was brought to this case as a defendant, to defend ownership claims over "Fichas Negras".

On the other hand, LAMCO/ACEMLA claim that Johnny Rodriguez Lozada assigned "Fichas Negras" to them via a contract in 1995 and that they recorded said assignment with the United States Copyright Office in 1999. However, LAMCO/ACEMLA's assignment contract is null and void, as it fails to comply with the applicable legal requirements; the assignment was effected in bad faith; and the recordation of the assignment was in bad faith.

The Court, in its Opinion and Orders regarding the parties' cross-motions for summary judgment, determined that EMLASA's assignment was the prior assignment and that it was duly recorded in the Republic of Mexico (Docket No. 408). Although the Court recognized that LAMCO's subsequent assignment was recorded in the U.S. Copyright Office, it found that in order for LAMCO's subsequent assignment to prevail, LAMCO still had to establish that said assignment complied with the legal requirements established by the Copyright Act. *Id.*

II. **Witnesses**

A. LAMCO/ACEMLA -

    1.   Raul Bernard-President of LAMCO and ACEMLA will testify to the assignments given by the composer to them and their relationship. He will testify to the USCO Registrations and Recordations thereafter with the USCO.

4

    2.    Reserved the right to call any rebuttal witness.

B. <u>Universal</u> -

    1.    Universal officer/employee - will authenticate the assignment contract, the registration and testify about the relationship between EMLASA and Universal.

    2.    Universal reserves the right to call as a witness any of the witnesses identified by LAMCO/ACEMLA in this Pre Trial report.

### III. Exhibits

A. <u>LAMCO/ACEMLA</u> –

    1.    United States Copyright Office, (USCO) Certificate of Recordation, dated May 23, 1995, Volume 3118, Pages 476-586 and Pages 487-495.

    2.    USCO November 21, 2003, Volumne 3504, Doc. No. 741.

    3.    USCO Registration on March 22, 2999, Registration, PAU.2-357 741, dated March 22, 1999.

    4.    USCO Copyright Letter to LAMCO November 13, 2002 Letter.

    5.    LAMCO Bernard Reply Letter dated December 12, 2002

    6.    LAMCO reserves the right to use as exhibits any of the exhibits used and/or mentioned by LAMCO/ACEMLA in dockets 337 and 380 and /or its Opposition and Reply to Universal's Motion for Summary Judgment as direct or rebuttal.

B. <u>Universal</u> -

    1.    The 1981 Rodriguez Lozada / EMLASA assignment contract.

    2.    The Mexican copyright registration of 1981.

    3.    Universal reserves the right to use as exhibits any of the exhibits used and/or mentioned by LAMCO/ACEMLA in dockets 337 and 380.

5

## IV. Issues to be passed upon by this Court

A. LAMCO/ACEMLA -

    1. The issue of priority ownership and ability to sue in Copyright infringement already being established, this case should be decided as the finds per the Court's Memorandum Opinion and Order granting LAMCO's motion.

    2. The USCO validity can not to be decided by this Court as the work has been duly Registered.

    B. Universal -

    1. Whether the assignment/transfer contract between Johnny Rodriguez and LAMCO/ACEMLA complied with all the legal requirements.

    2. Whether the recordation of the assignment/transfer contract between Johnny Rodriguez and LAMCO/ACEMLA complied with all the legal requirements.

    3. If LAMCO establishes that its assignment and recordation complied with all legal requirements, to determine the scope of Universal/EMLASA's copyright registration in Mexico *vis a vis* LAMCO's U.S. copyright.

## V. Stipulations

A. LAMCO/ACEMLA -

    None.

B. Universal -

    None.

6

In San Juan, Puerto Rico, this 13th day of October 2009.

**CERTIFICATE OF SERVICE**: IT IS HEREBY CERTIFIED, that on this date the foregoing was electronically filed with the Clerk of the Court through the CM/ECF system which will send notification to the attorneys of record.

/s Mauricio Hernandez Arroyo

_____

**LAW OFFICES OF**
**MAURICIO HERNANDEZ ARROYO**
**USDC-PR NO. 208409**
**Attorney for LAMCO/ACEMLA**
1369 Calle Salud, Suite 104
Ponce, Puerto Rico 00717-2014
Tel./Fax No. (787) 984-0789
Cel No. (787) 597-4815
e-mail"mhernandezarroyolaw@gmail.com


**Attorneys for Universal Music Group**

S/ EDGARDO COLON ARRARAS
_____
**EDGARDO COLON ARRARAS**
USDC No. 129612
E-mail: ecolon@gaclaw.com


S/ MARIANA NEGRÓN-VARGAS
_____
**MARIANA NEGRÓN-VARGAS**
USDC No. 215309
E-mail: mnegron@gaclaw.com


**GOLDMAN ANTONETTI & CORDOVA, PSC**
P.O. Box 70364
San Juan, PR 00936-8364
Tel. (787) 759-8000
Fax (787) 767-9177