**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| BANCO POPULAR DE PUERTO RICO | Civil No. 01-1142(GAG) |
| v. | |
| LAMCO, *ET AL*. | |
| _____ | |
| LAMCO, *ET AL*. | Civil No. 01-1461(GAG) |
| v. | |
| BANCO POPULAR DE PUERTO RICO | |

**MOTION FOR RECONSIDERATION [458]**

TO THE HONORABLE COURT:

**NOW COMES** the Estate of Catalino Curet Alonso, plaintiff under Civil No. 01-1461(PG), represented through its undersigned attorney and respectfully alleges, states, and prays:

1. On November 24, 2009, this Honorable Court issued an order denying the Estate of Catalino Curet Alonso (from now on Curet) its Request for Leave to file Reply indicating that the request to reply did not specifically adduce what matters needed to be addressed, Docket No. 459.

2. Curet respectfully request reconsideration of the above mentioned order since LAMCO and PEER parties in fact alleged matters not previously covered in Curet's motion, Docket Number 452. These are:

    3. LAMCO parties misrepresent to the Court that the undersigned attorney was privy to the settlement agreement when in fact they know that the Curet parties were not part of the settlement negotiations and that the undersigned attorney only held a draft of the settlement agreement provided by attorney Edwin Prado for a few minutes while sitting at the table in the Court's Chambers were other subjects were discussed with the Honorable Judge. Also, they allege that the Curets waited until the last minute to file the motion to intervene ignoring the fact that many circumstances have changed since the filing of this complaint in the year 2001. For example, LAMCO and the Curet parties are in a litigation, the PEER parties have assigned any rights they might of have over the Music of Catalino Tite Curet Alonso to other parties and the Curets have subscribed new agreements with Sonido's successor in interest, E-musica (Fania), regarding the music of Catalino "Tite" Curet. In addition, they implied that Curet do not want the settlement agreement to take place when in fact the Curets only want to secure that the moneys corresponding to the Curets be paid.[1]

    4. The PEER parties also allege that the motion to intervene was untimely filed but failed to remind the Court that, contemporaneously to the settlement agreement discussions in chambers, the PEER parties indicated that they would pay the funds received by PEER corresponding to Catalino Curet's compositions to the Curets. However, subsequently they have informed that they will not pay the Curets. In addition, the PEER parties collectively claim the right to deduct from Curet all litigation expenses ignoring the fact that the contracts provided as

---

[1] Both parties, PEER and LAMCO have indicated that they will not pay the Curets and this fact was inform after the settlement agreement had been reach..

support to their argument were subscribed with Fania Publishing Co., Inc., a predecessor in interest to Sonido. Nevertheless, as a matter of contract, if this is the case, only Sonido would have a right to deduct the money that it spent on litigation and not the other PEER parties.[2]

5.  What is more, the PEER parties raised other issues of law that were not discussed in the Curet's Motion to Intervene.

6.  Since the opposing motions allege matters not previously discussed in the Curet's motion, Docket Number 452, and allege matters that are simply not true, pursuant to L. R. 7.1, the Estate of Catalino Curet Alonso, by and through their undersigned counsel, very respectfully request leave to reply to the *Memorandum in Opposition to Motion to Intervene* submitted by Broadcast Music, Inc, EMI Park Groove, Inc, Peer International, Peer International Corporation of Puerto Rico, Peer Music Ltd., Sonido, Inc., EMI Catalogue Partnership and to the *RESPONSE in Opposition to Motion*, filed by Latin American Music Company, Inc.; Asociación de Compositores y Editores de Música Latinoamericana (ACEMLA); Jimmy Sabater, Baltazar Carrero, Felipe Rosario-Goyco, Juan Corretjer, and Latin American Music Co., Inc..

7.  Accordingly, we will require an additional period of ten (10) days, *counted from the issued order,* to file an answer to the above-mentioned motions and/or to otherwise plea.

**WHEREFORE**, the Estate of Catalino Curet Alonso respectfully prays to this Honorable Court for a leave to reply as previously stated.

---

[2] This claim by the PEER parties could be clear up by Sonido providing a statement of the moneys they have spend on litigation.

3

**RESPECTFULLY SUBMITTED**.

**IT IS HEREBY CERTIFIED** that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the attorneys of record.

In San Juan, Puerto Rico, on December 9, 2009.

S:\ *Samuel F. Pamias-Portalatín*

**SAMUEL F. PAMIAS-PORTALATÍN, ESQ,**
**USDC-PR No. 220309**

**Hoglund & Pamias, P.S.C.**
256 Eleanor Roosevelt Street
San Juan, Puerto Rico 00918
Telephone: 787-772-9200
Facsimile: 787-772-9533
E-mail: samuel@hhoglund.com