**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

-----------------------------------------------------------X
BANCO POPULAR DE PUERTO RICO, et al.,

               Plaintiffs,

    vs.

LATIN AMERICAN MUSIC CO. INC., et al.,

              Defendants.
-----------------------------------------------------------X
LATIN AMERICAN MUSIC CO. INC., et al.,

               Plaintiffs,

    vs.

BANCO POPULAR DE PUERTO RICO, et al.,

               Defendants.

-----------------------------------------------------------X

Civil Action No. 01-1142 (GAG)

Civil Action No. 01-1461 (GAG)

## THE PEER PARTIES' OPPOSITION TO THE ESTATE OF CATALINO CURET ALONSO'S MOTION FOR RECONSIDERATION

NOW COME Defendants, Peer International Corporation, Peer International Corporation of Puerto Rico, Peer Music Ltd., Broadcast Music, Inc., EMI Park Groove, Inc., Sonido, Inc. and EMI Catalogue Partnership (collectively, the "Peer Parties"), by and through their attorneys Loeb & Loeb LLP and Adsuar Muniz Goyco Seda & Perez Ochoa, PSC, as and for their Opposition to the Estate of Catalino Curet Alonso's ("Curet Alonso Estate" or "Estate") Motion for Reconsideration (Dkt. No. 461), and respectfully state as follows:

NY813117.1
202907-10002

1. On November 24, 2009, the Court issued an Order denying the Estate's motion to file a reply on its motion to intervene, because the motion failed to "specifically adduce what matters needed to be addressed." (Dkt. 459.)

2. More than two weeks after the Court's Order, on December 10, 2009, the Estate filed a Motion for Reconsideration of that Order. (Dkt. 461.)

3. The Curet Alonso Estate's motion should be denied because it raises no issues which would require reconsideration of the Court's Order or which would entitle the Estate to intervene.

4. As an initial matter, the Estate now acknowledges that during the October 9, 2009 settlement conference it obtained a copy of the settlement agreement between the Peer Parties and LAMCO/ACEMLA. (Dkt. 461 ¶ 3.) Despite admittedly having notice of the settlement agreement, the Estate did not move to intervene until after the settlement agreement was filed, the Court approved the agreement and ordered the funds distributed accordingly, and Judgment was entered dismissing all claims against the Peer Parties under the terms of the settlement agreement. (*See* The Peer Parties' Opposition to the Estate's Motion to Intervene (Dkt. 455 at 4-5) ("Opp.").) Moreover, regardless of whether Curet Alonso or his Estate knew about the settlement agreement, it is undisputed that Curet Alonso (and later the Estate) had notice of the funds deposited in Court since this action was commenced in 2001. (*See* Opp. at 8.) The Estate's reconsideration motion therefore underscores why its motion to intervene should be denied as untimely. (*See* Opp. at 6-12.)

5. Recognizing that it had notice of the settlement funds since at least 2001, the Estate seems to argue that its eight-year delay should nevertheless be excused because "many circumstances have changed since filing of this complaint in the year 2001." (Dkt. 461 ¶ 3.) But

none of the supposed "changed circumstances" are relevant to whether the Estate can intervene against the Peer Parties in this action.  First, the fact that the Estate is engaged in litigation with LAMCO obviously has no effect on any claims the Estate believes it has against the Peer Parties.  Second, the fact that Sonido, Inc. assigned its rights in Curet Alonso's songs to another company establishes that the Estate's dispute (to the extent it has one) is not with any party to this action, and that the Estate therefore lacks standing to intervene here.  Third, the Estate's allegation that it has signed new agreements with Sonido's successor underscores the fact that its claim (to the extent it has one) is in the nature of state-law breach of contract, over which this Court has no jurisdiction.[1]  (*See* Opp. at 14-15.)

6. The Estate falsely suggests that the Peer Parties stated they would pay the Estate the entire 50% author royalties of any funds received corresponding to Curet Alonso's compositions.  (Dkt. 461 ¶ 4.)  In fact, the Peer Parties offered the Estate only a small sum in order to avoid further litigation expenses.  The Estate's attorney then demanded a larger amount, and the Peer Parties immediately refused and withdrew their offer.  This brief attempt to settle the Estate's supposed claims cannot excuse the Estate's delay in seeking to intervene until after judgment was entered.

7. Ultimately, even if the Estate did have some legitimate claim to assert in this action (which it does not), there would be nothing for the Estate to recover.  Neither Fania, nor Sonido, nor any of its successors will receive any of the settlement funds, all of which will be allocated to pay the Peer Parties' attorneys' fees incurred in this protracted litigation.

---

[1] Of course, any claim of breach against Sonido's successor is premature.  Such a claim would only exist if and when this Court authorized the disbursement of funds, such funds were paid to Sonido's successor, and contractually there was an obligation to pay the Estate.  Significantly, the Estate has not furnished the Court with a copy of any such contract.

8.  In addition, equitable considerations should prevent the Curet Alonso Estate from recovering any proceeds from this litigation.  The dispute over copyrights to Curet Alonso's songs, which consumed substantial judicial and party resources over the past eight years, is the result of Curet Alonso's own unlawful double-dealing by assigning his songs to Fania in the 1960s and 70s, and then later selling the same songs to LAMCO/ACEMLA.  (*See* Opp. at 11-12.)

9.  Under these circumstances, if the Curet Alonso estate is somehow allowed to intervene or receive a portion of the settlement funds, the Peer Parties would ask this Court to retain jurisdiction over claims that the appropriate Peer Parties may wish to assert against the Curet Alonso Estate for unjust enrichment.

For the above reasons, the Peer Parties respectfully request that the Court deny the Curet Alonso Estate's Motion for Reconsideration as well as the Estate's Motion to Intervene.

Dated: New York, New York
December 11, 2009

ADSUR MUÑIZ GOYCO SEDA & PEREZ OCHOA, PSC

By: S/ KATARINA STIPEC

Katarina Stipec (206611)
P.O. Box 70294
San Juan, Puerto Rico 00936-8294
Tel: (787) 756-9000
Fax: (787) 756-9010

LOEB & LOEB LLP

By:_____
Barry I. Slotnick
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

*Attorneys for Peer International Corporation, Peer International Corporation of Puerto Rico, and Peer Music Ltd., Broadcast Music, Inc., EMI Park Groove, Inc., Sonido, Inc. and EMI Catalogue Partnership*

Case 3:01-cv-01142-GAG   Document 462   Filed 12/11/2009   Page 5 of 6

CERTIFICATE OF SERVICE

      CERTIFICATE OF SERVICE: I hereby certify that the forgoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will in turn send notification of such filing to all counsel of record.

S/KATARINA STIPEC