IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BANCO POPULAR DE PUERTO RICO, INC.,**

**Plaintiff,**

v.

**LATIN AMERICAN MUSIC CO., INC., et al.,**

**Defendants.**

**CIVIL NO. 01-1142 (GAG)**

## MEMORANDUM OPINION AND ORDER

On October 16, 2009, the court held a bench trial in the above-captioned case to determine ownership of the song "Fichas Negras" which is disputed between co-defendants Universal and Latin American Music Company, Inc. ("LAMCO"). Prior to the trial, the court ruled on summary judgment that LAMCO's 1995 recordation of its assignment contract would have priority over EMLASA's 1981 Mexican assignment contract if it was determined that LAMCO's 1995 recordation and 1999 registration of the copyright of "Fichas Negras" were valid. (Docket Nos. 408, 409.) After the bench trial, the court ruled that the registration was in fact valid and held that Universal was unable to meet the evidentiary burden necessary to invalidate LAMCO's registration. (See Docket No. 464.)

On February, 18, 2010, Universal filed a Rule 59 (a)(2) motion (Docket No. 476), moving the court to amend and alter its Bench Trial Opinion and Order (Docket No. 464 ) because (1) the court's decision to admit the exhibits to the assignment agreement was an error of law; and (2) because there were several publications of the works "Fichas Negras" which constitute newly discovered evidence and should move the court to invalidate LAMCO's copyright registration.

After reviewing Universal's motion and LAMCO's corresponding opposition, as well as the pertinent law, the court **DENIES** Universal's Rule 59(a) motion (Docket No. 476) and affirms its previous order (Docket No. 464).

**Civil No. 01-1142 (GAG)**

**I.     Admission of Evidence**

In its previous Opinion and Order (Docket No. 464), the court ruled that the assignment contracts were admissible for the specific purpose of demonstrating which works were recorded by LAMCO with the United States Copyright Office ("USCO") in 1995. As the evidenced was admitted for this limited purpose, the court held that the decision in U.S. v. Vigneau, 187 F.3d 70 (1st Cir. 1999) was inapplicable.

With regard to the validity and authenticity of the assignment contract itself, LAMCO presented the testimony of Raul Bernard, President of LAMCO, who testified, through personal knowledge, that the addendum to the assignment contract had been prepared by Johnny Rodriguez. He also testified that the handwritten list of songs was written by Johnny Rodriguez at the time he transferred copyright ownership of the works to LAMCO. The court found Bernard's testimony credible. As the party challenging the recordation, Universal had the burden to present evidence invalidating the recordation of the assignment contract. See Saenger Organization, Inc. v. Nationwide Ins.Licensing Associates, Inc., 119 F.3d 55, 59 (1st Cir. 1997) (quoting Bibbero Sys., Inc. v. Colwell Sys., Inc., 893 F.2d 1104, 1106 (9th Cir. 1990)) ("[A] certificate of copyright registration constitutes prima facie evidence of copyrightability and shifts the burden to the [other party] to demonstrate why the copyright is not valid."). In order to do so, Universal needed to present evidence calling into question the credibility of Bernard's statements regarding the validity of the assignment of the various works which included "Fichas Negras." Universal was unable to present any evidence controverting this testimony and therefore the court admitted the documents for the aforementioned purposes.

In light of the court's analysis, the court once again reiterates that the holding of U.S. v. Vigneau is inapplicable. Therefore, the court **DENIES** Universal's Rule 59(a) motion with regard to its contention that the court committed an error of law by admitting the assignment agreement and attached addendum for the purposes stated by the court.

**Civil No. 01-1142 (GAG)**

## II. Newly Discovered Evidence

In its previous Opinion and Order (Docket No. 464), the court ruled that Universal had failed to meet its burden at trial to present evidence that LAMCO's March 22, 1999 registration of the work "Fichas Negras" was invalid because it contained willful and material omissions and misstatements. Universal now moves the court to consider what it has labeled as "newly discovered evidence" that allegedly supports its contention that LAMCO's 1999 registration contained willful misstatements.

The Federal Rules of Civil Procedure Rule 59(a)(2) standard to constitute "newly discovered evidence" requires that the movant must demonstrate that (1) the evidence has been discovered since trial; (2) the evidence could not by due diligence have been discovered earlier; (3) the evidence is not merely cumulative or impeaching; and (4) the evidence is of such a nature that it would probably change the result if a new trial is granted. Acosta-Mestre v. Hilton Intern. of Puerto Rico, Inc., 156 F.3d 49, 56 (1st Cir. 1998) (citing Duffy v. Clippinger, 857 F.2d 877, 879 (1st Cir.1988)).

Universal contends that following the bench trial on October 16, 2009, it has been able to procure evidence of previous publications of the work "Fichas Negras" which it was unable to obtain prior to the courts final ruling. Universal alleges that given the "seven-day-window" between the October 9, 2009 denial of Universal's motion for summary judgment and the October 16, 2009 Bench Trial, it was unable to obtain admissible evidence of previous publications of the work "Fichas Negras." However, contrary to Universal's averments, the opportunity to collect evidence bearing upon the court's ability to determine ownership over this work, and, hence, the validity of the copyright registration, has existed for a much longer period than the cited "seven-day-window." In its Rule 59 motion, Universal fails to offer any explanation as to why such evidence was not obtainable through the exercise of due diligence by Universal over the past nine years of litigation. See In re Pabon Rodriguez, 233 B. R. 212, 219 (Bankr. D. P. R.1999), aff'd, 17 Fed. Appx. 5 (1st Cir.2001) (quoting Union Bank of Switzerland v. HS Equities, Inc., 458 F.Supp. 1166, 1167 (S.D.N.Y.1978) (denying Rule 59 motion when party "had a full opportunity to proffer the evidence,

**Civil No. 01-1142 (GAG)**

failed to do so and . . . offered no excuse for such failure."). The court further recognizes that the controversy over ownership of this specific work was discussed on multiple occasions, putting all parties on notice that this form of evidence would be pertinent. See Acosta-Mestre, 156 F.3d at 56 (affirming district court's denial for new trial when party, acting with due diligence, would have discovered "new evidence" before trial).

Therefore, regardless of whether the introduction of this evidence would compel the court to reconsider its previous order, such evidence cannot be considered by the court as it does not constitute "newly discovered evidence" under Rule 59(a) and is, therefore, untimely. As such, the court **DENIES** Universal's Rule 59(a) motion (Docket No. 476) and affirms the court's holding in its previous Opinion and Order (Docket No. 464).

**SO ORDERED.**

In San Juan, Puerto Rico this 9th day of March, 2010.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge