# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BANCO POPULAR DE PUERTO RICO, INC.,**<br><br>  Plaintiff,<br><br>  v.<br><br>**LATIN AMERICAN MUSIC CO., INC., et al.,**<br><br>  Defendants. | **CIVIL NO. 01-1142 (GAG)** |
| **BANCO POPULAR DE PUERTO RICO, INC.,**<br><br>  Plaintiff,<br><br>  v.<br><br>**LATIN AMERICAN MUSIC CO., INC., et al.,**<br><br>  Defendants. | **CIVIL NO. 01-1461 (GAG)** |

## MEMORANDUM OPINION AND ORDER

On June 24, 2010, the cross-claim defendants LAMCO/ACEMLA ("LAMCO") moved for dismissal of the Venegas party's ("GVLI") claim in the above captioned action (01-1142) against LAMCO for infringement arising out of the granting of retroactive contracts for the performance rights of the song Genesis granted to Banco Popular ("BPPR") by LAMCO (Docket No. 523). LAMCO moved to dismiss this claim based on issue preclusion as well statute of limitations. After reviewing the pleadings and pertinent law, the court **DENIES** LAMCO's motion to dismiss this claim.

**I.    Issue Preclusion**

In its motion, LAMCO cites case law from this court as well as First Circuit case law

**Civil No. 01-1142(GAG)**          2

affirming the lower court's prior decision. In these prior rulings, the court held and the First Circuit affirmed that GVLI had failed to provide sufficient evidence demonstrating BPPR's infringing performance of the song Genesis and therefore was awarded no damages based on the alleged infringing performance. See Venegas-Hernandez v. PEER, 2004 WL 3686337 (D.P.R. 2004), *affirmed in part by* Venegas-Hernandez v.Asociacion de Compositores v. Editores de Musica Latinoamericana, 424 F.3d 50 (1st Cir. 2005).

LAMCO asks this court to apply the preclusive effect of these rulings and dismiss GVLI's present action. However, the parties in the above-captioned case have stipulated to the fact that the song Genesis was performed during the 1993 Banco Popular Christmas Special. (See Docket No. 518 at 4.) In the previous ruling, this court dismissed a similar infringement action based on the granting of the retroactive license as there was insufficient evidence of actual performance of the work Genesis. Here, such a fact is not in dispute. Therefore, because the controlling facts of the case have changed, collateral estoppel does not apply to the issue of performance of the work Genesis. See Walsh v. Intern. Longshoremen's Ass'n, AFL-CIO (1st Cir.1980) 630 F.2d 864, 874 ("collateral estoppel applies only where the "controlling facts" are unchanged). As such, the court denies LAMCO's motion to dismiss this claim based on a theory of collateral estoppel.[1]

**II.     Statute of Limitations**

LAMCO avers that the statute of limitations bar that precluded a similar infringement claim against BPPR (See Docket No. 410) should also apply to this claim. However, the court finds this defense inapplicable as the actions by LAMCO relating to BPPR's infringing performances occurred on November 6, 1998, when LAMCO allegedly infringed GVLI's copyright by granting BPPR retroactive performance rights of the song Genesis. As this counterclaim was filed on June 26, 2001,

---

[1] A similar argument was already brought before the court by BPPR attempting to dismiss GVLI's performance claim based on collateral estoppel grounds. (See Docket No. 270). In this previous order, the court ruled that because the issue of performance was not actually litigated and determined by a valid and final judgment the ruling in the case does not have a preclusive effect on this claim.

**Civil No. 01-1142(GAG)** 3

it falls within the three year statute of limitations proscribed by the US Copyright Statute for a claim of copyright infringement. See 17 U.S.C. § 507(b).  Therefore, GVLI's infringement claim, with respect to LAMCO's actions is not time barred.

**SO ORDERED.**

    In San Juan, Puerto Rico this 15th day of July, 2010.

                                *s/ Gustavo A. Gelpí*

                                GUSTAVO A. GELPI
                                United States District Judge