**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO ET ALS., | * * * | CV. 01-1142 (GAG) |
| PLAINTIFF, | * * | |
| v. | * * | |
| LAMCO/ACEMLA, ET ALS., | * * | |
| DEFENDANT. | * | |
| LAMCO/ACEMLA ET ALS., | * * | CV. 01-1461 (GAG) |
| PLAINTIFF, | * * | |
| v. | * * | |
| BANCO POPULAR DE PUERTO RICO ET ALS., | * * * | |
| DEFENDANT. | * * | |

**LAMCO/ACEMLA POST-JUDGMENT RULE 52 MOTION TO AMEND JUDGMENT AND RULE 59 A MOTION FOR A NEW TRIAL**

**TO THE HONORBLE COURT:**

**COME NOW** the cross-claim defendants in 01-1142(GAG), LAMCO/ACEMLA parties through the undersigned attorney of record and respectfully allege, pray as follows:

### I. **NON-JURY TRIAL & JUDGMENT**

On July 19, 2010, a non-jury trial was held. Dee Dk. 596.

After the Venegas party rested and at the close of the case, the undersigned attorney presented its Rule 52 Motion as a Matter of Law. The same was denied by this Court. See TT July 19, 2010 to be filed by the Court Reporter Joyce Del Valle.

On July 21, 2010, this Court issued an Opinion and Order finding in favor of the Venegas party against LAMCO/ACEMLA and ordered a $43,405.35 award in damages. See Dk. 607. The Court did not request the parties to submit any proposed findings of facts and conclusions of law.

On August 6, 2010, this Court entered Judgment. Dee Dk. 636.

The instant Rule 52 and Rule 59, now moves for a new trial and to amend or alter the Judgment at Dk. 636. These same grounds were part of its prior oral Rule 52 Motion.

## II. ERRORS OF LAW AND FACT IN COURT'S OPINION AND ORDER

This Honorable Court has issued in its July 21, 2010 Opinion and Order, at Dk. 607, several errors in fact and in law that warrants reconsideration, amending and setting aside and dismissal, and in the alternative, a new trial.

The issues as raised by the parties in their PT Memo as against LAMCO were not about infringement but rather fraudulent misrepresentation, misuse of ownership and unjust enrichment. See TT at page 13-14 (opening statements). None of these theories were proven at trial and the record has not such basis in order to make such a finding. In fact, the Court did not even decide these issues but rather found infringement against LAMCO which is an error of fact and of law.

The error by the District Court begins and ends with the following erroneous finding in its opinion: to wit, that the Court held that LAMCO's licensing, retroactive license. From its September 2, 1998 Contract with BPPR, constituted infringement

for performance in 1993, some five years earlier. Dk. 607. This is an error of law and even if viable, which it is not, it is precluded under issue preclusion. Venegas at 424 F.3d 50, 60. This Court totally is mislead that the trial was about infringement which it was not. Also, it was ACEMLA, not LAMCO, that issued the performance retroactive license, which makes the Judgment in error.

Additional facts support this conclusion. The Venegas own witness stated that there was no such thing as a retroactive license. See TT at p.44.

Venegas also testified to that these same claims were in their own two lawsuits against LAMCO and PEER before Judge Fuste. See TT at p. 26-27.

Venegas also testified about these and other cases, including a local Supreme Court ruling. The Court erroneously gave weight to the Supreme Court of Puerto Rico, objection preserved by LAMCO. See TT at p. 41.

The Venegas witness also testified to that Judge Fuste did not find performance in the prior lawsuits. TT at p. 51. He also testified that there was no formula for blanket licenses of an entire catalogue to determine the value of a performance license, even though he was not a performance rights society. See TT at p. 53.

The trial Court committed error when it sought to establish a measure of damage from the Venegas attorney of record. See TT at pages 57-58. No evidence of damages, except that the trial court did not give the 1998 Contract which was for the performance of ACEMLA's, not LAMCO, entire catalogue for the period of time from 1993 to 1998. Therefore, the 1/6 calculation of damages is in reversible error, it is not totally consistent with Judge Fuste's ruling, contrary to as indicated in this Court's opinion assessing damages that it is consistent. Dk. 607. If the Fuste Court

held no proof of performance during the seven (7) day trial in 2003 between these same parties, then there cannot be in this case the same issues re-litigated in the present case. And even if this would be allowed, which is an error of law, authorization does not equate infringement. The Court's sole reliance that the admitted facts, of performance by the BPPR Special in 1993, vitiates the issue preclusion defense found in its prior orders, by a res judicata rule that is easily distinguished under the facts of this case, does not lead to the quantum leap of going back in time some five years later as there is no new evidence motion, which would be untimely.

This ruling goes against every principle of finality of judgments, fairness to litigants, and a total disregard for the facts, the Pretrial Report issues, the evidence can only result in reversible error in the cases at bar for this trial.

This Court, under the non-jury trial, is in a very good position in its broad and sound discretion that can alter the Judgment and grant a new trial, if not dismissal outright, granting the instant motion.

### III. PRETRIAL PROCEDURAL POSTURE

The Court had bifurcated the jury trial in 01-1461 from the non-jury, bench trial in this lead case 01-1142 with the Venegas parties that was held on July 19, 2010. See Dk. 494.

The parties LAMCO/ACEMLA were cross-claimant defendants and BPPR were counterclaimants-defendants in the bench trial. There were no cross-claims between BPPR and LAMCO/ACEMLA defendants in this lead case.

On June 23, 2010, LAMCO/ACEMLA had moved to dismiss the remaining issue of performance of the song Genesis as a matter of law on issue preclusion defense as this was previously litigated as between the same parties. See Dk. 523.

On June 24, 2010, LAMCO/ACEMLA had moved to dismiss the remaining issue of performance of the song Genesis as a matter of law on breach of contract claim against the BPPR. See Dk. 525.

On July 15, 2010, this Court denied LAMCO/ACEMLA motion to dismiss Venegas claims against them, using an erroneous" new fact" exception under res judicata doctrine. See Dk. 583.

However, the Court granted its motion to dismiss Venegas claims against BPPR on that same date. See Dk. 584.

## VI. THE LAW OF THE CASE PRETRIAL

This Court had issued two Opinion and Orders on this issue preclusion defense and on statute of limitations defense by BPPR two motions on this same issue.

LAMCO/ACEMLA had joined BPPR's Motion to Dismiss. The last motion to dismiss decision was the Law of the Case that had settled all claims against the parties except for performance. See Dk. 270. LAMCO/ACEMLA had joined in BPPR Motion to Dismiss. See Dk. 228, 230.

The latter decision on the summary judgment motion granted by this Court dismissed the infringement claim arising from the 1993 Christmas Special on the statute of limitations that was also the Law of this Case. See Dk. 410.

In tha first decision, this District Court's second Opinion and Order did not correctly decide as a matter of law, the issue of performance. Dk. 270, Opinion & Order,

page 3, footnote 1. (leaving open performance issue). Indeed, the previous Venegas and LAMCO/ACEMLA litigation, decided by Judge Fuste's District Court Opinion & Order and Judgment and affirmed by the First Circuit Court of Appeals, upheld the failure to prove performance, and only overturned the district court 20-80% ownership and holding a 50%-50% ownership between the heirs and widow. This was and is the legal basis of the issue preclusion and collateral estoppel defense for the performance issue of the song Genesis in the case at bar.

## V. LEGAL ARGUMENT

### 1. FED. R. CV. PROC. RULE 59

Federal Rule of Civil Procedure Rule 59 (e) authorizes the filing of a "motion to alter or amend judgment." And also provides for moving for a New Trial and amending the Judgment. Rule 59 (1)(B) and (2) after a non-jury trial. Under the 2009 New Amended Rules, the time to file is 28 days after entry of Judgment to toll the time to appeal. This Honorable entered Judgment on August 6, 2010, and thus, the instant motion is timely.

A district court "enjoys considerable discretion in granting or denying" a motion to alter or amend judgment. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 433 (1996). Rivera Castillo v. Autokirey, Inc., 379 F.3d 4 (1st Cir. 2004); See also, McDowell v. Calderon, 197 F.3d 1253, 1255, n. 1 (9 Cir. 1999) (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure, § 2810.1 (2 ed. 1995).

So broad is this discretion in certain contexts, that one court has described it as "virtually unassailable on appeal". Children's Broadcasting Corp., v. Walt Disney Co., 357 860, 867 (8th Cir. 2004); Gasperini at 53("the authority of trial judges to

grant new trials…..is large"). In exercising this discretion, the trial judge may open a judgment, hear additional testimony, and amend (or make new) findings of fact and conclusions of law.  See Rule 59 (2), Defenders of Wildlife v. Bernal, 204 F.3d 920, 928-29 (9th Cir. 2000).  The trial judge is not bound to view the evidence in light most favorable to the verdict winner and may reweight the evidence, accepting or rejecting evidence, witnesses. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).

A Rule 59(e) motion may be granted to Correct "manifest errors of law or fact upon which the judgment is based"  and to "Prevent "manifest injustice".

In reviewing a Rule 59 motion, "[t]he judge's duty is essentially to see that there is no miscarriage of justice. If convinced that there has been, then it is [the judge's] duty to set the verdict aside. . . ". Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363, 370 (2d Cir.1988).

2. **STANDARD FOR A NEW TRIAL**

Fed. R. Civ. Proc. Rule 59(a)(1)(B) authorizes granting a "new trial on all or some of the issues – and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." The specific grounds for Fed. R..Civ..Proc.. 59(e) includes relief if:

> 1. The "verdict is against the weight of the evidence";
>
> 2. "[D]amages are excessive";
>
> 3. "[F]or other reasons, the trial was not fair to the party moving" and when there are "questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury".

A district court need not uphold an award of damages which "is grossly excessive or monstrous, clearly not supported by the evidence, or based solely on speculation or guesswork." Del Monte Dunes at Monterey v. City of Monterey, 95 F.3d 1422, 1435 (9 Cir. 1996). The Ninth Circuit Court of Appeals has commented: "[W]hen an appellate court ponders the probable effect of an error on a civil trial, it need only find that the jury's verdict is more probably than not untainted by the error." Abromson v. American Pacific Corp., 114 F.3d 898, 903 (9 Cir. 1997), *cert. denied*, 522 U.S. 1110, (1998) (quoting Haddad v. Lockheed Calif. Corp., 720 F.2d 1454, 1459 (9 Cir. 1983).

### 3. FED. R. CV. PROC. RULE 52

The Fed. R. Civc. Proc. Rule 52(a)(5)(6) and (b) permits the party to question the sufficiency of the evidence supporting the findings, whether of not the party requested findings, objected to them, moved amend them, or moved for partial findings. Rule 52 (5); and allows Courts to set aside under the clearly erroneous. Rule 52(6). Finally, Rule 52(b) allows the Court to amend its findings, or make additional findings, and may the judgment accordingly.

### 4. THE STANDARD OF REVIEW FOR ISSUE PRECLUSION

This Honorable Court had addressed decided correctly the applicable standard to be applied under the Motion to Dismiss on the grounds of issue preclusion defense . See Dk. 219, 270, 410. See Ramallo Bros. Printing Inc., v. El Dia, Inc., 490 F3d. 86, 90 (1st Cir. 2007). However, this Court, departed from these findings in its Opinion and Order. See Dk. 583.

## VI. UNDISPUTED FACTS

It was undisputed that the song Genesis was not part of the BPPR 1999 Christmas Special. The song Genesis has not been used in any BPPR Christmas Special since 1993. The claims against the BPPR are subject the three (3) year US Copyright Statute of Limitations. Dk. 410.  This Court's statute of limitations determination bars any copyright infringement for the 1993 Special, which is the only Special that included the song Genesis. See Dk. 410

## VII. PERFORMANCE ISSUE OF THE SONG GENSIS HAD PRECLUSION DEFENSE

The Venegas claim for performance had an issue preclusion defense by LAMCO/ACEMLA.  In their litigation together, the same parties over this same issue and matter, the court ordered payment of the 100% of the amounts of monies they received. Said amounts were paid to Venegas who accepted and cashed the checks as ordered by the District Court and upheld by the First Circuit Court of Appeals.

The allegations that the 1998 contract and retroactive licenses in 1998 for the 1993 Special, six years prior, constitutes infringement is erroneous under First Circuit precedent and as a matter of law. See LAMCO v. Archdiocese, 499 F.3d 32 (1st. Cir 2007) (authorization does not constitute infringement); Venegas-Hernández v. Asociación, 424 F. 3d 50 (1st Cir. 2005)

It is LAMCO/ACEMLA's position that the 1998 Contract between BPPR and LAMCO indemnifies them in the event of any lawsuits relating to the contract. See Dk. 199.

### A. THE PRIOR DISTRICT COURT AND FIRST CIRCUIT RULINGS

These same claims of performance of the song Genesis remaining as alleged by

Venegas has already been litigated. in the case USDC-PR Cv. Case Maria Venegas-Hernandez, et al., v. PEER, et al., CV No. 01-1215 (JAF) (Case Consolidated with 01-2186 JAF), and this decision was sustained upon appeal.

The Judge Fuste's District Court Opinion & Order held:

> **"Plaintiffs have not persuasively shown that BPPR actually performed *Génesis* or any of GVL's songs during the time period. Without BPPR's direct use of the song, the license here is evidence of only probable, not actual, infringement, of GVL's songs."** (emphasis ours).

This failure to prove performance is in the record and constitutes an issue preclusion defense for cross-claimant defendant LAMCO/ACEMLA as they were the same [parties over the same matter.

The District Court decision was Affirmed on September 16, 2005, by the United States Court of Appeals For the First Circuit, 424 F.3d 50 (1st Cir. 2005) 2005 U.S. App. LEXIS 19908; 76 U.S.P.Q.2D (BNA) 1321, where the court explained:

> **"In 1993, Banco Popular de Puerto Rico ("the bank") used GVL's composition Genesis in CD's and videos during the original copyright term, which had been inherited by the siblings. The siblings sued LAMCO for contributory infringement based on a retroactive mechanical licensed it issued to the bank in 1998, under which the bank paid $16,373.47 to LAMCO; the district**

> **court awarded the amount to the siblings. The siblings also sued because of a retroactive performance license issued to the bank by ACEMLA, an affiliate of LAMCO, the court, however, found insufficient evidence of performance and awarded no damages. (emphasis ours).**

The First Circuit specifically held that authorization did not constitute infringement. Id. This is in direct contravention of this District Court's ruling that the retroactive licenses in 1998, created an infringement in 1993, at a time that LAMCO had no control over any BPPR Christmas Special production. This is reversible error and should be corrected by this Honorable Court.

These prior judicial rulings create an issue preclusion defense and bar is, as a matter of law, by any clear reading of the Court's holdings in these cases which must be the Law of the Case.

This Court must also take Judicial Notice of the several Opinion's in <u>Venegas-Hernandez v. ACEMLA</u>, 424 F.3d 50 (1st Cir. 2005) ; USCA-1st Cir. Appeal No. 04-1934, 04-1935, pages 22-22, September 16, 2005 Opinion & Order & Judgment; Judicial Notice of Judge Fuste's Opinion & Order in <u>Venegas-Hernandez v. Peer Int'l Corp.</u>, 270 F.Supp. 2d 207-17 (D.P.R. 2003) (Venegas I) and <u>Venegas-Hernandez v. Peer</u>, 283 F.Supp. 2d 491, 503-505 (D.P.R. 2003) (Venegas II), and its post-trial May 19, 2004 (77 page) Opinion and Order (Venegas III).

The Venegas party sole reliance at trial was on this Court's prior erroneous ruling, but defendant herein has cautioned counsel and its party that their legal argument are frivolous and only misleads this Court into an reversible error on appeal.

The parties Pretrial Memorandum, in Venegas Section on Points of law, did not raise copyright infringement claims against LAMCO/ACEMLA.  See Dk. 518.

At the June 28, 2010, the Pretrial Conference (PTC), the Court having heard oral arguments and ordered responses to be filed, and also has also ordered that all Motions in Limine be filed by July 2, 2010.  See Dk. 531.

The LAMCO/ACEMLA party had filed their Motions to Dismiss the claims by the Venegas party at Dk. 523 and 525, the same argued at the PTC and file therein, the portions of the controlling Opinion & Order by the Honorable Judge Fuste as a supplement to those two motions and submitted the pertinent pages that were cited by LAMCO/ACEMLA at the PTC.  See submitted USDC-PR Cv. Case Maria Venegas-Hernandez, et al., v. PEER, et al., CV No. 01-1215 (JAF) (Case Consolidated with 01-2186 JAF), as Exhibit 1, pgs. 13-14 (Song Genesis); pgs. 28-29 (3. Alleged Infringement, b. Licenses to BPPR); pgs 48-49 (3 year Statute of Limitations; p. 67 (III. LAMCO), pgs. 74-74 Performance Royalties) and page 77 (Judgment).

The Venegas party attempted to re-litigate the issue of the song Genesis, after collecting more than twenty-two ($22,000) thousand dollars in prior litigation damages against the appearing parties and PEER were then precluded and estopped at trial from once again claiming damages.

The fact that a Stipulation stated that the 1993 Special performed Genesis is a fact known since 1993.  The same was never proven in the previous litigation.   The prior litigation of two consolidated cases and the First Circuit affirming the District Court Judgment, except for ownership, ended in 2005.  The claim was precluded in this case by

the previous rulings of this Court.  The Venegas Pretrial limited the issues as to fraudulent representation which was never proven at trial.

At trial, this Honorable Court allowed the previously barred claim to be re-litigated which was erroneous as a matter of law and fact that warrants granting the instant motion.

The allowance of the erroneous Judgment constitutes a miscarriage of justice that should be amended by this Court.  The only reliance of the res judicata defense is moot as the issue preclusion defense bars the claim which was erroneously found to be an infringement of performance, some **seventeen (17) years** after the alleged events, of the 1993 Christmas special, and **five years** after the First Circuit decision.

At trial, there was no documentary or testimonial evidence as to damages sustained by the Venegas party.  The sole witness Venegas could not ascertain any specific amount of damages.  It was the attorney during arguments and closing, which is not evidence, that answered this Court's questions as to amount of damages.

## VIII.  CONCLUSION

**WHEREFORE**, the appearing parties respectfully request that this Court grant the Rule 52 and Rule 59 Motions to amend the Judgment, finding for the LAMCO/ACELA parties or, grant a new trial as a matter of law and/or dismiss the Venegas sole remaining claim on the issue of the Song Genesis on issue preclusion defense bar in this litigation.

**RESPECTFULLY SUBMITTED:**

**CERTIFICATE OF SERVICE:** I hereby certify that a true and exact copy of the foregoing document has been filed with the Clerk of Court using the CM-ECF system that will served notice to all counsel at their address of record.

In Ponce, Puerto Rico, this 3rd day of September 2010.

/s Mauricio Hernandez Arroyo

**LAW OFFICES OF**
**MAURICIO HERNANDEZ ARROYO**
**USDC-PR NO. 208409**
**Attorney for LAMCO/ACEMLA**
1369 Calle Salud, Suite 104
Ponce, Puerto Rico 00717-2014
Tel./Fax No. (787) 984-0789
Cel No. (787) 597-4815
e-mail: lawofficesmhernandez@gmail.com