UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BANCO POPULAR DE PUERTO RICO         CIVIL NO. 01-1142(GAG)
Plaintiff

v.

LATIN AMERICAN MUSIC CO, INC, et al
Defendants

## MOTION TO AMEND JUDGMENT ISSUED IN BENCH TRIAL OF JULY 19, 2010

TO THE HONORABLE COURT

COMES NOW, Guillermo Venegas Lloveras Inc.("GVLI"), co defendant, cross claimant and counter-claimant represented by the undersigned attorney and respectfully STATES, AVERS and PRAYS:

INTRODUCTION

On August 6, 2010, the Court rendered judgment in favor of GVLI in their claim against LAMCO ordering them to pay $43,405.35 plus interest in damages.

On July 19, 2020 a non jury trial was held. Two days later the Court rendered an Opinion and Order finding in favor of GVLI against LAMCO/ACEMLA

GVLI asks the Court to amend the judgment as authorized by Federal Rule of Civil Procedure 59 (e). It is specifically requested that the judgment be amended to the effect

that the party to be ordered to pay be ACEMLA since they were the party that ordered the retroactive performance for the work "Genesis"in 1998.

GVLI files this motion within the allowable twenty eight days after the entry of judgment.

II. The Need to Amend the Judgment

The July 21, 2010 Memorandum Opinion and Order ( "Opinion") makes reference to the issue of whether LAMCO had granted a retroactive performance license for the work "Genesis" in 1998. See Dk. 607. In the Opinion the reference is always to LAMCO and no mention is made at any moment to ACEMLA.

The confusion is partly explained by the fact that LAMCO and ACEMLA are controlled by the same person Raul Bernard who reached the 1998 agreement between Banco Popular and LAMCO/ACEMLA.

However it is clear that the testimony of the different parties expressed throughout the bench trial referred to ACEMLA when referring to the retroactive performance authorization. See Trial Transcript (TT) July 19, 2010 morning testimony at page 8-9 to be filed by the court reporter Joyce Del Valle.

Venegas made it clear that he referred to ACEMLA when testifying about the issue of performance. TT at p. 46 – 47.

Venegas also testified that ACEMLA was to be paid for the performance of Genesis, among other songs. TT at p. 43. When testifying about the previous lawsuits before Judge

Fuste it was clear that the issue of performance was related to ACEMLA. TT at 26-27 Similarly the licensing contract as it referred to performance was entered into between ACEMLA and Banco Popular. (Exhibits II and III).

Federal Rule of Civil Procedure 59 (e) allows the Court to alter or amend the judgment to prevent a clear error or manifest injustice. In the present situation the Court should amend the judgment since it is a clear error when the Opinion referred to LAMCO as the party authorizing the retroactive authorization of Genesis instead of the correct party, which is ACEMLA.   It is ACEMLA who must pay the award determined by the Court.

WHEREFORE ,GVLI respectfully requests from the Honorable Court to grant the Rule 59 (e) Motion and amend the Judgment issued on August 6 and order ACEMLA to pay the stated sums plus interest in damages to GVLI.

I HEREBY CERTIFY, that on this same date I electronically filed the foregoing with the Clerk of the Court, who will notify all counsels of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, on this 3th day of September, 2010.

/S/ Josè L Barreto -Rampolla
Josè L. Barreto Rampolla

Attorney for Guillermo Venegas Lloveras Inc.
USDC NO. 202311
PO Box 9023880
San Juan, Puerto Rico 00902-3880
Tel 787-724-6398
Fax 787-725-1974
e-mail: barretojose@microjuris.com