IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO ET ALS., | * * * | CV. 01-1142 (GAG) |
| PLAINTIFF, | * * | |
| v. | * * | |
| LAMCO/ACEMLA, ET ALS., | * * | |
| DEFENDANT. | * | |
| LAMCO/ACEMLA ET ALS., | * * | CV. 01-1461 (GAG) |
| PLAINTIFF, | * * | |
| v. | * * | |
| BANCO POPULAR DE PUERTO RICO ET ALS., | * * * | |
| DEFENDANT. | * * | |

**LAMCO/ACEMLA OPPOSIITION TO BPPR's
MOTION FOR RECONSIDERATION**

**TO THE HONORBLE COURT:**

**COME NOW** the cross-claim defendants, LAMCO/ACEMLA parties through the undersigned attorney of record and respectfully allege, pray as follows:

**I. NON-JURY TRIAL & JUDGMENT**

On July 19, 2010, a non-jury trial was held. See Dk. 596.

After the BPPR party rested and at the close of the case, the undersigned attorney presented its Rule 52 Motion as a Matter of Law. The same was denied by this Court. See TT July 19, 2010 to be filed by the Court Reporter Joyce Del Valle.

On July 21, 2010, this Court issued an Opinion and Order finding in favor of the LAMCO/ACEMLA party against BPPR dismissing the off-set claims regarding Ojos Chinos. See Dk. 607. The Court did not request the parties to submit any proposed findings of facts and conclusions of law.

On August 5, 2010, BPPR filed its Motion for Reconsideration. See Dk. 624. The Court noted that it would consider the Motion under Rule 59 and that the time to reply would run from the entry of final judgment. Id.

On August 6, 2010, this Court entered Judgment. See Dk. 636.

On August 18, 2010, the appearing parties requested until August 31, 2010 to file their reply. See Dk. 642. The same was granted on that same date. See Dk. 643.

On August 31, 2010, the appearing parties requested until September 7, 2010 to file their reply. See Dk. 647. The same was granted on that same date. See Dk. 649.

The instant Opposition is filed in compliance with the filing deadline.

## II. THE DISTRICT COURT'S DECISION IS CORRECT

The claims by BPPR as alleged in their 01-1142(GAG) Complaint had alleged and stated that if the Court decided the ownership under the declaratory judgment that the song, "Ojos Chinos", was owned by another defendant, and if the Court decides that payment was owed to another, then they request an off-set of the amount paid to LAMCO. See Dk. 1.

There was never any determination by the Court of ownership in the lead case of 01-1142(GAG) because of the confidentiality matter in 2009.

At trial, BPPR own witness, Paulette Lavernge, from BPPR's Legal Division and representative at trial, testified that the BPPR was never sued by any other entity. She

testified to and the stipulated facts were that the September 2, 1998 Contract was an indemnify and release Agreement between the LAMCO/ACEMLA parties. No litigation was ever filed regarding the 1993-1995 BPPR Christmas Specials and the LAMCO/ACEMLA fulfilled their obligations under the contract per the testimony of Ms. Lavergne.

BPPR presented at trial no evidence regarding any facts of prior ownership as alleged in their Motion for Reconsideration. Rather, they argue law in it's motion, regarding litigation between other parties, not parties to the trial, and LAMCO/ACEMLA and turns on issues that are totally inapplicable to the trial. Said litigation determinations ended in 2007 and the Court found that BPPR had misstated the finding of that decision, decided some eight years after the 1998 Contract. Specifically, this Court held that the First Circuit did hold that ACEMLA had priority owner the non-exclusive rights to the song "Ojos Chinos", which was related to performance and entitled them to receive paymenst from the Broadcasters. LAMCO at p. 37. Dk. 607, p. 5, lines 1-6.

Thus, BPPR's motion to reconsider based upon facts that were not alleged at trial is improper and must be denied as a matter of law.

The BPPR argument that the 2007 First Circuit case proves anything that would sustain their claims and/or breach the 1998 Contract is totally void and missing both in their motion, but especially from evidence produced at trial.

The Court correctly found as a matter of fact, that BPPR had the burden to prove that LAMCO misrepresented their ownership as to "Ojos Chinos" during the contract negotiations. Said period was between 1996-1998. The Court properly held that BPPR

had failed to show that LAMCO made any misrepresentations which resulted in the bank's decision to contract for the licensing and performance for the song "Ojos Chinos".

Furthermore, the Stipulated facts by BPPR stated that there was a contract between the parties. On June 4, 2010, the parties to the non-jury trial submitted their Pretrial Memorandum (PTM) to the Court. See Dk. 518. BPPR did not mention anything about Ojos Chinos in their section.

In said PTM, the parties entered into the following 3 stipulations regarding the contract. Under PARTIES:

2. On September 2, 1998, LAMCO/ACEMLA confirmed the terms in which they granted licenses and settle their demands with Banco Popular and set the fees payable to ACEMLA.

3. On November 6, 1998, BPPR accepted the LAMCO/ACEMLA offer.

8. The 1998 Contract between BPPR and LAMCO, LAMCO indemnified BPPR in the event of any lawsuits.

Accordingly, BPPR failure at trial to meet their burden of proof at trial and to allege anything that warrants reconsideration as stated in their motion for reconsideration requires that this Court deny the Motion for Reconsideration in its entirety.

### III. STANDARD FOR FED. R. CV. PROC. RULE 59

Federal Rule of Civil Procedure Rule 59 (e) authorizes the filing of a "motion to alter or amend judgment." A district court "enjoys considerable discretion in granting or denying" a motion to alter or amend judgment. Gasperini v. Center for Humanities, Inc., 518 U.S.415, 433 (1996). Rivera Castillo v. Autokirey, Inc., 379 F.3d 4 (1st Cir. 2004);

See also, <u>McDowell v. Calderon</u>, 197 F.3d 1253, 1255, n. 1 (9 Cir. 1999) (quoting 11Charles Alan Wright, et al., Federal Practice and Procedure, § 2810.1 (2 ed. 1995).

A Rule 59(e) motion may be granted to Correct "manifest errors of law or fact upon which the judgment is based" and to "Prevent "manifest injustice".

In reviewing a Rule 59 motion, "[t]he judge's duty is essentially to see that there is no miscarriage of justice. If convinced that there has been, then it is [the judge's] duty to set the verdict aside. . . ". <u>Smith v. Lightning Bolt Prods., Inc</u>., 861 F.2d 363, 370 (2d Cir.1988).

Applying this standard to the facts proven at trial, and those missing, there can be no manifest errors of law or fact, and no miscarriage of justice to warrant any granting of BPPR's motion.

The BPPR received their consideration from the 1998 Contract, they were released from any liability, they were never sued by any other entity related to the 1998 Contract, and they kept selling the Specials and benefitted economically that prevented from them presenting any other contrary evidence at trial.

**WHEREFORE**, it is respectfully respected that this Honorable Court deny the motion for reconsideration in its entirety.

**RESPECTFULLY SUBMITTED:**

**CERTIFICATE OF SERVICE:** I hereby certify that a true and exact copy of the foregoing document has been filed with the Clerk of Court using the CM-ECF system that will served notice to all counsel at their address of record.

In Ponce, Puerto Rico, this 7th day of September 2010.

/s Mauricio Hernandez Arroyo

**LAW OFFICES OF**
**MAURICIO HERNANDEZ ARROYO**
**USDC-PR NO. 208409**
**Attorney for LAMCO/ACEMLA**
1369 Calle Salud, Suite 104
Ponce, Puerto Rico 00717-2014
Tel./Fax No. (787) 984-0789
Cel No. (787) 597-4815
e-mail: lawofficesmhernandez@gmail.com